WOLFORD, Appellant,

v.

NEWARK CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee.

[Cite as *Wolford v. Newark City School Dist. Bd. of Edn.* (1991), 73 Ohio App.3d 218.]

Court of Appeals of Ohio,
Licking County.

No. CA–3637.

Decided April 19, 1991.

*James M. Dietz,* for appellant.

*Nicholas A. Pittner* and *Sue Wyskiver Yount,* for appellee.

---

MILLIGAN, Presiding Judge.

Plaintiff-appellant, Julia Wolford, procured a default judgment against the Board of Education of the Newark City School District in the Licking County Common Pleas Court. The default judgment continued the matter for a determination of damages. Thereafter, the board filed a motion for Civ.R. 60(B) relief from judgment, and the court eventually granted Civ.R. 60(B) relief.

From that judgment, the plaintiff appeals, claiming favor of R.C. 2505.02 and *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 87–88, 541 N.E.2d 64, 66–67, wherein the court held:

"R.C. 2505.02 defines three types of final orders: (1) an order affecting a substantial right in an action which in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding or made upon summary application after judgment; or (3) an order vacating or setting aside a judgment or granting a new trial. * * *"

The genesis of this right of appeal where the work of the trial court is not completed is *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113.

 The unique hitch in this case is that the default judgment, from which relief was granted, was itself not a final, appealable order. *Chef Italiano, supra.*

Appellee persuasively argues that a default judgment as to only part of the claim is distinguishable from the default judgment reviewed and held reviewable in *GTE Automatic, supra.*

Appellant, by rejoinder, persuasively argues that if the original default judgment was not a final judgment, Civ.R. 60(B) relief was inappropriate.

This issue engraves one more chapter onto the continuing saga frustrating Ohio lawyers as to what is, or is not, a final, appealable order.

We conclude that because the judgment vacated was itself not a final, appealable order, the judgment vacating the partial, incomplete judgment is not a final, appealable order.

The motion of appellee is sustained, and the cause is dismissed for want of appellate jurisdiction.

*Motion sustained.*

SMART and GWIN, JJ., concur.