SCHELICH et al., Appellants,

v.

THEATRE EFFECTS, INC. et al., Appellees.

[Cite as Schelich v. Theatre Effects, Inc. (1996), 111 Ohio App.3d 271.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–96–1.

Decided May 24, 1996.

*Vorys, Sater, Seymour & Pease* and *James E. Arnold,* for appellants.

*Cory, Meredith, Witter, Roush & Cheney* and *W. Thomas Roush,* for appellee Theatre Effects, Inc.

*John F. Moul,* for appellee Stoner's Funstores, Inc.

---

HADLEY, Presiding Judge.

Plaintiffs-appellants, Jane Schelich and Robert Schelich, individually and as parents and guardians of Nina Schelich, appeal the judgment entry of the Mercer County Court of Common Pleas granting the motion of defendant-appellee, Theatre Effects, Inc. to set aside a default judgment.

This case originated from a complaint filed by appellants against appellee, a manufacturer and Stoner's Funstores, Inc. ("Stoner"), a supplier. Stoner subsequently filed an answer. Appellants, however, moved for default judgment against appellee since no answer or extension of time to answer was filed by appellee within the required time. The trial court granted default judgment on April 19, 1995. In addition to sustaining appellants' motion for default judgment, the trial court, in its entry, scheduled a hearing for the determination of damages. On August 10, 1995, appellee filed a motion to set aside the default judgment pursuant to Civ.R. 60(B). In its judgment entry of January 8, 1996, the trial court set aside the default judgment.

Although the issue is not raised by the parties, we *sua sponte* address whether this appeal was taken from a final, appealable order.

Pursuant to the holding in *Wolford v. Newark City School Dist. Bd. of Edn.* (1991), 73 Ohio App.3d 218, 596 N.E.2d 1085, we conclude that there was no final, appealable order. In *Wolford,* appellant obtained a default judgment; however, the trial court "continued the matter for a determination of damages." *Id.* at 219, 596 N.E.2d at 1085. Appellee then filed a motion for relief from judgment pursuant to Civ.R. 60(B). The trial court granted the motion and appellant appealed. The reviewing court concluded that a default judgment which continued the matter to determine damages failed to constitute a final, appealable order. Thus, any judgment vacating that order was also not a final, appealable order. See, also, *Pinson v. Triplett* (1983), 9 Ohio App.3d 46, 9 OBR 49, 458 N.E.2d 461. Furthermore, although the court noted as persuasive appellant's argument that because "the original default judgment was not a final judgment, Civ.R. 60(B) relief was inappropriate," it dismissed the cause for want of appellate jurisdiction. *Wolford v. Newark City School Dist. Bd. of Edn.,* 73 Ohio App.3d at 220, 596 N.E.2d at 1086.

In the instant case, the court also continued the matter for damages. The default judgment, therefore, fails to constitute a final, appealable order.[1] In turn, the judgment entry vacating the default judgment is not a final, appealable order. Finally, we note, as the court did in *Wolford*, that Civ.R. 60(B) grants relief "from a final judgment." Absent a final, appealable order, however, this court lacks jurisdiction, and the appeal must be dismissed.

*Appeal dismissed.*

EVANS and SHAW, JJ., concur.

---

1. Even if the amount of damages were included in this judgment entry, the entry would not be final and appealable unless it met the requirements of Civ.R. 54(B), as there is more than one defendant in the present case. See *Shelby Ins. Group v. Gumm* (Dec. 27, 1995), Ross App. No. 95CA2102, unreported, 1995 WL 765162 (finding that an entry which granted a default judgment to one of three plaintiffs and failed to include the language "there is no just reason for delay" pursuant to Civ.R. 54[B] was not a final, appealable order).