OPINION
On January 22, 1996, plaintiffs-appellants, Tadd and Greta Branham, brought suit against defendant, New Century Homes, Inc. ("New Century"), and defendant-appellee, Holiday Homes, Inc. ("Holiday"), for breach of contract, negligence, fraud, and various other claims. New Century subsequently filed an answer on February 6, 1996. Holiday did not file an answer or otherwise respond to appellants' complaint within the twenty-eight day period specified by Civ.R. 12.
On March 5, 1996, appellants filed a motion for default judgment against Holiday pursuant to Civ.R. 55(A). The trial court granted appellants' motion for default judgment in an entry dated March 14, 1996 which provided, in part, as follows:
 This matter came on to be heard on the Application of Plaintiffs for Default Judgment as to Defendant, Holiday Homes, Inc. It appearing to the Court that the matter is properly before the Court for Default Judgment and that Defendant, Holiday Homes, Inc., having been duly served has failed to appear, move, answer or otherwise plead within the time allowed by law, Plaintiff's Application for Default Judgment is HEREBY GRANTED.
 The Court sets the date of May 31, 1996, for a hearing on damages.
No damages hearing was held and no entry adjudicating appellants' damages was ever issued by the trial court.
On March 21, 1996, Holiday filed a Civ.R. 60(B) motion for relief from judgment. The trial court granted Holiday's motion for relief from judgment on May 31, 1996. Appellants now appeal setting forth the following assignment of error:
 THE COURT BELOW ERRED IN SETTING ASIDE THE DEFAULT JUDGMENT AWARDED IN FAVOR OF PLAINTIFFS.
As a preliminary matter, we must determine whether there has been a final appealable order which would vest this court with jurisdiction. R.C. 2505.02 defines a final appealable order as follows:
 An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial.
An entry granting a defendant's Civ.R. 60(B) motion to vacate a default judgment is not a final appealable order within the meaning of R.C. 2505.02 where the underlying default judgment does not adjudicate both liability and damages. Wolford v. Newark City School Dist. Bd. of Edn. (1991), 73 Ohio App.3d 218, 219-20; Catanzarite Co. v. Roof (1983), 8 Ohio App.3d 282. See, also, Pinson v. Triplett (1983), 9 Ohio App.3d 46.
Our review of the record indicates that the default judgment entered by the trial court in this case adjudicated the issue of Holiday's liability, but did not adjudicate or in any way determine the extent of appellants' damages. Therefore, we hold that this court lacks jurisdiction to hear appellants' appeal because the trial court's entry vacating the default judgment was not a final appealable order within the meaning of R.C. 2505.02. Appellants' assignment of error is overruled and this appeal is hereby dismissed for lack of jurisdiction.
WALSH, P.J., and YOUNG, J., concur.