DECISION AND FINAL JUDGMENT OF DISMISSAL
On October 6, 1998, Emma and James Jones filed a complaint against Lisa Robinson, alleging that Robinson had negligently operated a motor vehicle and had caused a collision which had resulted in permanent bodily injuries to Mrs. Jones. Robinson failed to file an answer to the complaint and the Joneses moved for default judgment on March 3, 1999. On March 4, 1999, the trial court granted their motion on the issue of Robinson's negligence and stated that the issue of damages would be determined at a later hearing.
On May 27, 1999, Robinson made a motion to set aside the default judgment, alleging that she had not been properly served with notice of the complaint. The trial court overruled her motion on July 29, 1999. Robinson now appeals the trial court's denial of her motion.
Although the issue is not raised by the parties, we suasponte address whether this appeal was taken from a final appealable order pursuant to R.C. 2505.02.
A determination of damages has not been made in this case, as is necessary before the default judgment will be a final appealable order. Schelich v. Theatre Effects, Inc. (1996),111 Ohio App.3d 271, 272-273, 675 N.E.2d 1349, 1350; Wolford v. NewarkCity School Dist. Bd. of Edn. (1991), 73 Ohio App.3d 218, 219-220,596 N.E.2d 1085, 1085-1086; Stevens v. Finley (Sept. 11, 1997), Montgomery App. No. 16558, unreported. Because the default judgment is not a final appealable order, the trial court's denial of Robinson's motion to set aside the default judgment is likewise not a final appealable order. See id. Absent a final appealable order, we do not have jurisdiction and the appeal must be dismissed.
IT IS SO ORDERED.
JAMES A. BROGAN, Judge.
WILLIAM H. WOLFF, JR., Judge.
FREDERICK N. YOUNG, Judge.
Copies mailed to:
Stacey R. Pavlatos.
Paul B. Roderer, Jr.
Hon. Barbara P. Gorman.