OPINION
Appellant Pamela Whetzel appeals the decision of the Belmont County Common Pleas Court, Domestic Relations Division, which granted appellee Richard Starkey's motion for relief from the court's prior opinion on the issue of the amount of child support arrearage. For the following reasons, this appeal is dismissed for lack of a final appealable order.
 STATEMENT OF FACTS
After the parties' divorce, appellant was granted custody of their son and daughter. Appellee was obliged to pay $143 per child per month to appellant. Thereafter, the son moved in with appellee. Thus, appellee discontinued paying child support for both his son and his daughter, believing that each parent should only pay the expenses to raise the child in their physical custody. Appellee filed for and was granted temporary custody of his son in August 1996.
In the meantime, the State of West Virginia, which is where appellant lived, intercepted appellee's income tax returns to reimburse the state for providing public assistance to appellant. On March 12, 1999, appellee filed a motion requesting that the court order that he does not owe back support. He also requested that the court order West Virginia to pay him any money which was remaining after the debt to the state was satisfied rather than release it to appellant to satisfy the recorded arrearage. Appellant contested this motion and requested that she be paid the child support arrearage. Thereafter, the parties testified at a hearing.
On April 14, 1999, the court signed and the clerk journalized an entry which overruled appellee's motion requesting that his arrearage be erased. This entry also states, "See Opinion." The court file contains an opinion which is time-stamped April 14, 1999. This opinion states that appellee does not owe child support for his son as of the date that appellee was granted temporary custody. The opinion goes on to say that appellant does owe child support for his daughter as appellant never asked for a modification in the amount of support and the court is prohibited from retroactively modifying the support obligation. The opinion then ordered appellee's counsel to prepare a judgment entry reflecting an arrearage of $4.70 per day from August 28, 1996 through April 14, 1999. Lastly, the court ordered West Virginia to deposit any remaining funds that it was holding with the Belmont County Clerk of Courts. The opinion then restates that appellee's counsel is to file a judgment entry within seven days.
A judgment entry was never filed by counsel or signed by the court. Rather, on May 25, 1999, appellee filed a motion asking the court to set aside its April 14, 1999 order pursuant to Civ.R. 60(B). This motion argues that the court's opinion is unfair and places an undue financial hardship on appellee. The motion closes by asking the court to reconsider its opinion. Appellant opposed the motion noting that there is no final judgment entry from which Civ.R. 60(B) relief can be sought and alternatively arguing that appellee failed to allege a meritorious defense or the specific section of the rule under which relief is sought.
On June 22, 1999, the court released an entry sustaining appellee's motion for relief under Civ.R. 60(B). The court found that its April 14, 1999 opinion contained a child support calculation based on the records of Franklin County Child Support Enforcement Agency which "may or may not have used current information" in its calculation. In a separate entry, the court directed the Belmont County Child Support Enforcement Agency to submit a calculation of the child support arrearage. The parties were directed to cooperate in the calculation. Appellant filed notice of appeal on July 17, 1999.
 ASSIGNMENT OF ERROR
Appellant sets forth the following two assignments of error:
 "AS THERE WAS NO LEGAL BASIS SUPPORTING APPELLEE'S MOTION, THE TRIAL COURT'S GRANTING RELIEF FROM JUDGMENT WAS ERROR OF LAW."
 "GRANTING APPELLEE'S MOTION FOR RELIEF FROM JUDGMENT WAS ERROR OF LAW BECAUSE THE MOTION WAS IN ACTUALITY A MOTION FOR RECONSIDERATION AND APPEAL WAS THE PROPER COURSE OF ACTION."
Appellant's first assignment argues that appellee's Civ.R. 60(B) motion should not have been granted because it failed to set forth a meritorious claim or defense and it failed to allege entitlement for relief under Civ.R. 60(B)(1) through (5) as required by GTE Automatic Electric v. ARCIndus. (1976), 47 Ohio St.2d 146. Appellant's second assignment contends that because appellee's motion merely complained that the court's opinion was unfair, the motion was actually a motion for reconsideration which may not be sought on a final order. Appellant claims that appellee should have appealed the court's April 14, 1999 decision rather than seek relief from it. Appellee failed to file a brief.
 LAW ANALYSIS
Initially, we must determine whether the trial court ever issued a final order. The April 14, 1999 entry which was signed and time-stamped merely overruled appellee's motion. Appellee's motion requested that he be declared to owe no back child support. By overruling his motion, the court thus held that he owed back child support. However, this entry makes no mention of the amount of child support or the number of children to which it refers. The entry directs the reader to "See Opinion" which addressed the matters of amount and number of children. However, the opinion is neither signed by the judge nor journalized by the clerk's office.
Pursuant to Civ.R. 58(A), after a court announces its decision, the court shall cause a judgment to be prepared, and after the court signs this judgment, the clerk shall enter it upon the journal. "A judgment iseffective only when entered by the clerk upon the journal." Civ.R. 58(A).
Accordingly, the April 14, 1999 opinion is not an effective judgment under the rules. Moreover, the opinion specifically orders appellee's counsel to prepare a judgment entry reflecting the total arrearage. Thus, it appears that the court did not intend for the opinion to act as an effective judgment. It logically follows that if the opinion is not an effective judgment, then it cannot be a final order. See St. VincentCharity Hosp. v. Mintz (1987), 33 Ohio St.3d 121, 123 (holding that anentry which concludes with an order that a judgment entry should beprepared is not a final judgment even where the court labeled the initial entry a judgment entry and signed it). See, also, In re Mitchell (1994),93 Ohio App.3d 153, 154 (stating that an unsigned judgment entry is not a final appealable order).
Appellee sought Civ.R. 60(B) relief from the court's April 14, 1999 opinion. Because the opinion was not an effective judgment or a final order, Civ.R. 60(B) relief was inappropriate.[1]
Civ.R. 60(B) is a tool used to vacate final orders only. See, e.g.,Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78;Jefferson Cty. Child Support Enforcement Agency v. Pickett (Sept. 21, 2000), Jefferson App. No. 99JE5, unreported, 4.
Note that the beginning of appellee's motion asks for Civ.R. 60(B) relief; yet, the last sentence of the motion asks the court to "reconsider" its opinion. A reconsideration motion is characterized by a challenge on the fairness or legal correctness of the decision on the merits and a plea to the court to change its mind. See, e.g., Blasco v.Mislik (1982), 69 Ohio St.2d 684, 686; Hughes v. Hughes (May 9, 1997), Portage App. No. 96-P-0196, unreported, 5. As conceded by appellant's brief, the substance of appellee's motion was that of a motion for reconsideration rather than that of a motion for Civ.R. 60(B) relief.
Appellant correctly states that a motion for reconsideration cannot be sought from final orders. Pitts v. Ohio Dept. of Trans. (1981),67 Ohio St.2d 378, 383, fn. 1. See, also, Pickett, Jefferson App. No. 99JE5 at 4; State v. Brandenstein (Dec. 30, 1999), Belmont App. No. 98BA30, unreported, 4, fn. 2. However, a court may reconsider a nonfinal order. Id.
As aforementioned, the court's opinion was not a final order, but was a non-final order that was susceptible to reconsideration prior to the signing of the requested judgment entry. Because the opinion is not itself a final order, the judgment agreeing to reconsider the opinion is also not a final order. See, e.g., Wolford v. Newark City School Dist.Bd. of Edn. (1991), 73 Ohio App.3d 218, 220; Pickett, Jefferson App. No. 99JE5 at 4. It should be noted that this result does not mean that the court's decision to reconsider its opinion will result in an unfavorable decision for appellant or that the court's original, non-final opinion was incorrect and in need of reconsideration. When the court finally renders a signed judgment entry that is time-stamped and journalized regarding the amount of child support arrearage, then appellant may appeal the decision if she disagrees with the calculation of arrearage.
For the foregoing reasons, this appeal is dismissed for lack of a final appealable order.
 _____________________ VUKOVICH, J.
Cox, P.J., concurs, Donofrio, J., concurs.
[1] Interestingly, at the trial level appellant argued that there was no final order from which appellee could seek relief under Civ.R. 60(B). Yet, at the appellate level, appellant changed her argument and states that the final order is the April 14, 1999 signed entry which overruled appellee's motion to declare that he owes no child support. However, appellee's motion for relief specifically takes issue with the court's April 14, 1999 opinion regarding the amount of the arrearage, not its April 14, 1999 entry overruling appellee's motion to declare the he owes nothing.