[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Defendants-appellees, Jackson Properties, Ltd., Premier Assoc., Ltd., and D. Jeffery Rengel, ("Rengel, et al." or "appellees") have filed a motion to dismiss this appeal which was filed by plaintiff-appellant, Baumeister Family Trust ("Baumeister" or "appellant"). Rengel, et al., argues that the order from which this appeal has been taken is not final and appealable. Baumeister has filed a memorandum in opposition to the motion to dismiss.
This case was initiated in June 2001, when Baumeister Family Trust and Leroy Baumeister filed a cognovit complaint against three defendants; Jackson Properties, Ltd., Premier Assoc, Ltd., and D. Jeffery Rengel. The complaint alleged that Jackson et al. had signed and breached two cognovit notes, one for repayment of $325,000 and the second for $39,453.92. The prayer for relief in the complaint states:
 "Wherefore, Plaintiffs demand judgment against Defendants on its [sic] First Cause of Action Three Hundred Twenty-five Thousand and 00/100 ($325,000.00) with post judgment interest, at the rate of 10% plus costs including reasonable attorney fees incurred in bringing this action, and on its [sic] Second cause of Action Thirty-Nine Thousand Four Hundred Fifty-Three and 92/100 Dollars ($39,453.92) with post judgment interest, at the rate of 10% plus costs including reasonable attorney fees incurred in bringing this action."
Copies of two documents are attached to the complaint. The first is a cognovit promissory note for $325,000 signed by Premier Associates, Ltd. and D. Jeffery Rengel. The second is a cognovit note for $57,000 signed by Jackson Properties, Ltd., and D. Jeffery Rengel.
Following the filing of an answer confessing judgment, the trial court judge entered, on June 29, 2001, a "Cognovit Judgment Entry" which states:
 "IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs, Baumeister Family Trust Leroy Baumeister be and hereby are, granted judgment against Defendants, Jackson Properties, Ltd., Premier Associates, Ltd., and D. Jeffery Rengel; on its [sic] First Cause of Action Three Hundred Twenty-five Thousand and 00/100 ($325,000.00) with post judgment interest, at the rate of 10% plus costs including reasonable attorney fees incurred in bringing this action, and on its [sic] Second cause of Action Thirty-Nine Thousand Four Hundred Fifty-Three and 92/100 Dollars ($39,453.92) with post judgment interest, at the rate of 10% plus costs including reasonable attorney fees incurred in bringing this action."
Rengel, et al. filed a Civ.R. 60(B) motion for relief from judgment which was granted by the trial court judge on June 29, 2001. On July 5, 2001, Rengel, et al. filed an amended answer and a counterclaim against Baumeister. Subsequently, Baumeister filed the present notice of appeal from the June 29, 2001 judgment granting the motion to vacate the "Cognovit Judgment Entry."
The sole issue raised at this point in the appellate proceedings is whether the judgment granting the motion to vacate is a final appealable order. Generally, the grant of a motion to vacate a judgment is appealable pursuant to R.C. 2505.02(B)(3), which states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
 "(3) An order that vacates or sets aside a judgment or grants a new trial[.]"
However, if the judgment that was vacated is not itself a final appealable order, the judgment vacating it is not either. See, Wolfordv. Newark City School Dist. Bd. of Edn. (1991), 73 Ohio App.3d 218, 220
where the court states:
 "[B]ecause the judgment vacated was itself not a final, appealable order, the judgment vacating the partial, incomplete judgment is not a final, appealable order."
Thus, we must decide if the "Cognovit Judgment Entry" of June 29, 2001 is a final appealable order.
Appellees argue that it is not a final order for either or both of two reasons; first, there is a counterclaim pending and the "Cognovit Judgment Entry" does not have a Civ.R. 54(B) certification that there is no just reason for delay, and second, the order is interlocutory because it failed to determine the amount awarded for attorney fees.
Appellant responds with the observation that on the date the "Cognovit Judgment Entry" was entered, there was no counterclaim pending which would have precluded the entry of a final judgment without Civ.R. 54(B) language. We agree and therefore will not grant the motion to dismiss on this basis.
Appellant does not respond to the second argument of appellees regarding the still pending claim for attorney fees. While it is clear that the "Cognovit Judgment Entry" awards Baumeister reasonable attorney fees, it does not determine the amount of the award. An award of attorney fees without a determination of the amount to be awarded is not a final appealable order. Stuckey v. Klaus (Nov. 30, 1995), Ottawa App. No. OT-95-063, unreported.
Accordingly, we find that the order from which this appeal is taken is not final and appealable and the motion to dismiss is granted. This appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., James R. Sherck, J. Richard W. Knepper, J., JUDGES CONCUR.