[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY
On October 2, 2002, this Court released Prather v. American Med. Response, Inc., 9th Dist. No. 20965. The printed version of that opinion contains a clerical error. Specifically, the appellant's name located in the caption on page one of the opinion is incorrect. The text in the caption is hereby amended to read "American."
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, American Medical Response, Inc., ("AMR") appeals the decision of the Summit County Court of Common Pleas. This Court affirms.
 I.
{¶ 2} On November 27, 1998, the appellee, Jacqueline Prather, took her husband Larry Prather to the emergency room at St. Thomas Hospital ("St. Thomas"). Larry was diagnosed as having suffered an intracerebral aneurysm. While at St. Thomas, Larry fell into a coma. St. Thomas Hospital personnel summoned an ambulance from AMR to transport Larry to Akron City Hospital for emergency brain surgery. Doctors at Akron City Hospital performed the emergency brain surgery, but it was unsuccessful. Larry was removed from life support one week after the surgery without ever having regained consciousness.
{¶ 3} Jacqueline, as administratrix of Larry's estate, filed a suit against AMR and a number of other medical service providers relating to their care and treatment of Larry. AMR failed to respond to Jacqueline's complaint. On September 22, 2000, Jacqueline filed a motion for default judgment against AMR. The trial court granted Jacqueline's motion for default judgment in an entry dated September 27, 2000. On October 18, 2000, AMR filed a motion to vacate default judgment and requested leave to file its answer instanter. The trial court denied AMR's motions. A damages hearing was held on September 27, 2001. The trial court awarded Jacqueline damages in the amount of $331, 501.33.
{¶ 4} AMR timely appealed, setting forth two assignments of error for review.
 II. First Assignment of Error {¶ 5} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO ABUSE ITS DISCRETION IN DENYING THE MOTION TO VACATE THE DEFAULT AGAINST AMERICAN MEDICAL RESPONSE."
{¶ 6} AMR argues that the trial court erred in denying its motion to vacate. This Court disagrees.
{¶ 7} A review of the September 27, 2000 order of the trial court upon which the appellant's motion to vacate was based, discloses that it is not a final appealable order.
{¶ 8} Pursuant to Civ.R. 60(B), a "court may relieve a party * * * from a final judgment, order or proceeding * * *." Civ.R. 54(B) provides:
 {¶ 9} "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third-party claim, and whether arising out of the same or separate transactions or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of [such determination], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
{¶ 10} In the present case, the underlying order, while addressing the complaint, left the question of damages until a later date. A default judgment that determines liability only, but continues the matter for damages, is not a final judgment. Schelich v. Theatre Effects, Inc.
(1996), 111 Ohio App.3d 271, 272-273. Because the trial court's September 27, 2000 default judgment determined liability, but not damages, the trial court had no authority to later vacate that order pursuant to Civ.R. 60(B). Id. Because the December 13, 2000 order was an interlocutory order, the trial court did have the authority to revise it; however, it could not grant relief under Civ.R. 60 (B).
{¶ 11} AMR's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 12} "IT WAS PREJUDICIAL ERROR FOR THE TRIAL COURT TO AWARD PLAINTIFF MORE THAN NOMINAL DAMAGES ON THE DEFAULT AGAINST AMERICAN MEDICAL RESPONSE."
{¶ 13} AMR argues that Jacqueline should have been awarded only nominal damages. This Court disagrees.
{¶ 14} In its second assignment of error, AMR asserts that the amount Jacqueline was awarded was incorrect because Jacqueline failed to show the "specific injury or damage attributable to AMR." In essence, AMR argues that Jacqueline was required to prove that AMR was liable for Larry's death.
{¶ 15} "[I]n general, the failure of a party to appear and answer or otherwise defend the allegations against it operates as a concession of the truth of the facts contained in the moving party's pleading for relief." X-Technology, Inc. v. MJ Technologies, 8th Dist. No. 80126, 2002-Ohio-2259, at ¶ 33. Therefore, by failing to answer Jacqueline's complaint, AMR admitted liability. At the damages hearing, the only question that remained was the amount of damages to be awarded.
{¶ 16} "Even though a defendant is in default in pleadings, the defendant has a right to appear in person or by counsel at a hearing of the cause for the assessment of damages, to object to the introduction of evidence that is improper and to participate in the hearing to minimize the damages and the denial of this right is error." Craft v. Craft
(1989), 63 Ohio App.3d 499, 500. In this case, AMR was present at the damages hearing. Therefore, AMR has failed to prove that it was prejudiced.
{¶ 17} AMR's second assignment of error is overruled.
 III.
{¶ 18} For the foregoing reasons, the judgment of the trial court is affirmed, albeit for different reasons than expressed by that tribunal.
BAIRD, P.J., WHITMORE, J. CONCUR.