OPINION
{¶ 1} Computech International, Inc., (sometimes referred to as "CTI"), defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas, rendered November 8, 2001, denying appellant's motion for relief from judgment.
{¶ 2} On June 27, 2001, Beck-Durell Creative Department, Inc., plaintiff-appellee, filed a complaint against appellant, a New York corporation, and Imaging Power, Inc. (now defunct), generally alleging that a computer system sold or supplied by appellant was faulty. Appellant received service via certified mail on July 9, 2001. The signature of an administrative assistant for appellant, Dawn Bernal, is on the certified mail receipt. Appellant failed to answer or otherwise defend, and appellee filed a motion for default judgment on August 31, 2001, which the trial court granted on September 12, 2001.
{¶ 3} On November 6, 2001, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), claiming that its failure to answer was the result of excusable neglect. It conceded that it received proper service of the complaint, but alleged that it was never delivered to its president or officers for review. It attached affidavits from its president and general counsel, both of whom averred that they had not been provided with a copy of the complaint, and, if they had, they would have taken the appropriate actions to respond. On November 8, 2001, the trial court issued a decision denying the motion for relief from judgment.
{¶ 4} On November 28, 2001, appellant filed a "supplement" to its November 6, 2001 motion for relief from judgment, which the trial court construed as a motion for reconsideration of its November 8, 2001 decision denying the motion for relief from judgment. In its supplement, appellant provided additional affidavits to support its request for relief from judgment. A damages hearing was held on November 30, 2001, before a magistrate. The magistrate issued a decision on December 18, 2001, awarding damages to appellee but continued the matter of attorney fees to a later date.
{¶ 5} On January 4, 2002, the trial court denied appellant's November 28, 2001 motion for reconsideration, finding that the additional affidavits should have been submitted with appellant's original motion and that appellant was prohibited from raising the same argument and introducing additional evidence in the second motion. The trial court also found that an evidentiary hearing was not required on its original motion because the motion and evidentiary material did not contain allegations of operative facts that would have warranted relief. On January 17, 2002, the magistrate issued a decision denying appellee's request for attorney fees. On February 13, 2002, the trial court filed an entry adopting the magistrate's December 28, 2001 decision on damages. On February 22, 2002, the trial court filed an entry adopting the magistrate's January 17, 2002 decision on attorney fees. Appellant appeals the February 13, 2002 judgment of the trial court, asserting the following two assignments of error:
{¶ 6} "[I.] The trial court abused its discretion by not granting defendant a hearing on the issue of excusable neglect.
{¶ 7} "[II.] The trial court erred in overruling Computech's motion for relief from judgment when excusable neglect was established from the affidavits attached thereto."
{¶ 8} Appellant's assignments of error will be addressed together. However, we must first address an issue that neither the trial court nor the parties discussed. Appellant filed a motion for relief from judgment from a liability-only default judgment rendered on September 12, 2001. When appellant filed the motion pursuant to Civ.R. 60(B) on November 6, 2001, and the later "supplement" to the motion on November 28, 2001, a determination on damages had not yet been made. The final judgment on damages was not entered until February 13, 2002. Civ.R. 60(B) expressly states that a court may relieve a party, on motion and upon such terms as are just, from a final judgment, order or proceeding. Thorpe v. Oakford (Jan. 19, 1996), Portgage App. No. 94-P-0057. Thus, a party may seek Civ.R. 60(B) relief only from a final judgment. Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, 78; Matrka v. Stephens (1991), 77 Ohio App.3d 518. A default judgment that determines liability only, but continues the matter for damages, is not a final judgment. Schelich v. Theatre Effects, Inc. (1996), 111 Ohio App.3d 271,272-273; Wolford v. Newark City School Dist. Bd. of Edn. (1991),73 Ohio App.3d 218, 219-220; Catanzarite Co. v. Roof (1983),8 Ohio App.3d 282; Pinson v. Triplett (1983), 9 Ohio App.3d 46; Ford v. Estate of Tonti (Nov. 24, 1992), Franklin App. No. 91AP-715, citing Catanzarite and Pinson. Thus, the September 12, 2001 default judgment in the instant case was an interlocutory order. See Van Auken v. Kellan Properties (Sept. 30, 1996), Erie App. No. E-95-037. Therefore, a motion for relief from judgment was not the proper procedural device for appellant to use to seek a revision of the September 12, 2001 default judgment.
{¶ 9} A motion that seeks relief from an interlocutory order is more properly characterized as a motion for reconsideration. Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378; Thorpe, supra, citing In re Estate of Horowitz (Mar. 26, 1993), Trumbull App. No. 92-T-4710. Appellant, therefore, did not have to prove its entitlement to relief from the September 12, 2001 order under Civ.R. 60(B) as set forth in Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389, and GTE Automatic Elec., Inc. v. ARC Industries (1976), 47 Ohio St.2d 146. Instead, relief from the default liability determination may be available pursuant to Civ.R. 6(B) and 54(B). See Butler, Cincione, DiCuccio 
Dritz v. Werner (May 19, 1988), Franklin App. No. 88AP-142. Thus, the trial court should have construed the November 6 and 28, 2001 motions as motions for reconsideration of the September 13, 2001 decision pursuant to Civ.R. 6(B).
{¶ 10} Civ.R. 6(B) permits the trial court to extend the time for filing a responsive motion after the prescribed time for filing has expired, upon a showing that the failure to timely file was the result of excusable neglect. The trial court's determination as to whether to permit a defending party to file a late answer pursuant to a motion for reconsideration under Civ.R. 6(B)(2) upon a finding of excusable neglect is a discretionary decision that is reviewed under an abuse of discretion standard. Miller v. Lint (1980), 62 Ohio St.2d 209, 214-215; McDonald v. Berry (1992), 84 Ohio App.3d 6, 10. In order to find that the trial court abused its discretion, we must find more than an error of law; we must find that the court acted in an unreasonable, unconscionable, or arbitrary manner. Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498, 506. For an abuse of discretion to occur, "the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Huffman v. Hair Surgeon, Inc. (1985),19 Ohio St.3d 83, 87.
{¶ 11} Civ.R. 6(B) does not mandate that the court grant the extension of time to file, especially where the appellant has given no indication that the failure to timely file was the result of excusable neglect. When determining whether neglect in filing an answer is excusable or inexcusable, a court must consider all of the surrounding facts and circumstances. Griffey v. Rajan (1987), 33 Ohio St.3d 75. The Ohio Supreme Court defined the term "excusable neglect" in the negative in Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, in which the court stated: "The term `excusable neglect' is an elusive concept which has been difficult to define and to apply. Nevertheless, we have previously defined `excusable neglect' in the negative and have stated that the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.' " Id. at 20, citing GTE, supra, at 153. Inexcusable neglect under Civ.R. 6(B)(2) has also been described as conduct that falls substantially below what is reasonable under the circumstances. State ex rel. Weiss v. Indus. Comm. (1992), 65 Ohio St.3d 470, 473, citing GTE, supra, at 152. In addition, despite the presence of special or unusual circumstances, many courts have declined to grant relief from judgment based upon excusable neglect "if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance." Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 536, citing, e.g., Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64.
{¶ 12} In the court below, and in its appellate brief, appellant argued that it was entitled to relief pursuant to Civ.R. 60(B)(1) on the ground of excusable neglect. Because the standard under Civ.R. 6(B) is also excusable neglect, we will use appellant's same arguments made pursuant to Civ.R. 60(B) in determining excusable neglect under Civ.R. 6(B). In denying appellant's first motion in its November 8, 2001 decision, the trial court relied upon this court's decision in Perry v. Gen. Motors Corp. (1996), 113 Ohio App.3d 318. In Perry, we stated that excusable neglect may be found to overturn a default judgment when it is demonstrated that the complaint and summons were inadvertently sent to the wrong department or misplaced and were never received by the appropriate person in the corporate hierarchy. We found that requiring sworn affidavits with facts sufficient to demonstrate that the summons and complaint never reached the appropriate person in the corporate hierarchy would reduce the sham use of later motions seeking to overturn default judgments. We indicated that in order to demonstrate excusable neglect, it is sufficient to show: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process; and (2) that such procedure was inadvertently not followed until such time as a default judgment had already been entered against the corporate defendant.
{¶ 13} Attached to its first motion, appellant presented the affidavits of Doron Miller, the president of CTI, and Robert Pacht, general counsel for CTI. In his affidavit, Miller averred, in pertinent part, that: (1) although the complaint was delivered via certified mail to CTI, the service of complaint was not delivered to him or any other officer; (2) had he or any other officer been provided with the service of complaint, they would have timely responded; and (3) CTI had numerous meritorious defenses to the claims in the complaint. Pacht averred, in pertinent part, that: (1) prior to the filing of the complaint against CTI, he had been in contact with appellee's attorney in responding to appellee's initial written claim to CTI; (2) to the best of his knowledge, he was not provided with a copy of the complaint against CTI; and (3) had he received a copy, he would have instructed his client to retain Ohio counsel to respond.
{¶ 14} In denying appellant's first motion, the trial court found that appellant's affidavits presented no evidence concerning the procedure followed in its corporate hierarchy for dealing with legal process or showing that the procedure was inadvertently not followed, as required by Perry. The court further found that the mere assertion that the complaint was not delivered to its president or other officers demonstrates only neglect without establishing why such neglect should be deemed excusable.
{¶ 15} Twenty days after the trial court's November 8, 2001 decision, appellant filed a second motion, to which it attached a second affidavit from Miller and an affidavit from Dawn Bernal. Miller averred, in pertinent part, in his second affidavit that: (1) CTI has an informal policy that whenever CTI is a party to a lawsuit, the litigation documents are to be immediately provided to him or the vice-president, Eyal Shachi; (2) the clerk who received the service of process failed to follow such procedure; and (3) as a result, none of the officers of CTI were aware of the subject lawsuit and could not timely respond to such. Bernal, the administrative assistant whose signature appeared on the certified mail receipt, averred, in pertinent part, that: (1) she had no independent recollection of signing the certified mail receipt for the service of the complaint; (2) CTI's policy is to immediately provide litigation documents to the president, Miller, or the vice-president, Shachi; and (3) she has no independent recollection of providing such litigation documents to such individuals. The trial court denied appellant's second motion, finding that the additional affidavits should have been submitted with appellant's original motion and that appellant was precluded from raising the same argument and introducing additional evidence.
{¶ 16} Given our determinations above, we find that the trial court should have considered the affidavits attached to appellant's second motion. We agree that res judicata prevents the successive filings of Civ.R. 60(B) motions from relief from a valid, final judgment when based upon the same facts and same grounds or based upon facts that could have been raised in the prior motion. See Dawson v. Udelsen (1987),37 Ohio App.3d 141. However, we have determined that the September 12, 2001 decision was not a final judgment, and the two motions filed by appellant were not Civ.R. 60(B) motions. The September 12, 2001 decision was an interlocutory order because it did not determine damages. The two subsequent motions were motions for reconsideration of that interlocutory order. The doctrine of res judicata does not apply to interlocutory orders. Duff v. Donald M. Colasurd Co., L.P.A. (Sept. 19, 1991), Franklin App. No. 91AP-316. Because interlocutory orders are not final and may be modified anytime before a final judgment is rendered, they are always subject to motions for reconsideration. Pitts, supra, fn. 1. Thus, the additional affidavits of Miller and Bernal that were attached to the second motion for reconsideration may have been properly considered.
{¶ 17} We find that Miller's two affidavits, Bernal's affidavit, and Pacht's affidavit, establish excusable neglect under the standard we set forth in Perry, supra. Miller and Bernal averred that there is a set procedure, albeit informal, to be followed in CTI's corporate hierarchy for dealing with legal process. They averred that CTI's policy is to immediately provide litigation documents to the president, Miller, or the vice-president, Shachi. The affidavits also established that such procedure was inadvertently not followed until such time as a default judgment had already been entered against it. Miller averred that the person responsible for forwarding all legal documents failed to follow corporate policy. He further averred that neither he nor any other officer at CTI ever received a copy of the complaint. Bernal averred that although she did apparently sign the certified mail receipt, she has no memory of ever giving a copy of appellee's complaint to any officer at CTI. Pacht also averred that he never received a copy of the complaint.
{¶ 18} Appellee points out that there is no affidavit from the vice-president of CTI, one of the two people who were to receive all legal documents. Appellee asserts that the absence of an affidavit from the vice-president "strongly" suggests that he was the one who received the complaint and failed to act on it, thereby destroying any excusable neglect claim. We disagree. Miller averred that no officers in the company received the complaint and no officers were aware of the litigation. Further, Bernal averred that she does not remember ever giving the complaint to any officer. Thus, there was evidence that the vice-president also did not receive a copy of the complaint and had no knowledge of the litigation. For the foregoing reasons, we find that the trial court abused it discretion in denying appellant's motions for reconsideration of its September 12, 2001 default judgment. Appellant's second assignment of error is sustained. Because we have sustained appellant's second assignment of error, its first assignment of error is moot.
{¶ 19} Accordingly, appellant's first assignment of error is rendered moot, and its second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for proceedings consistent with the above opinion.
Judgment reversed and case remanded.
DESHLER and PETREE, JJ., concur.