DECISION AND JUDGMENT ENTRY
{¶ 1} Nationwide Assurance, Inc. ("Nationwide") appeals the trial court's decision granting Nedra and Ronald Jandes' ("the Jandes") motion for relief from a portion of a default judgment. Nationwide argues that the court erred in granting the motion under Civ.R. 60(B)(5) because the Jandes failed to specify under which section of the rule they sought relief and because they failed to establish that the "catch-all" provision of the rule applied. Because the trial court's decision is not a final appealable order, we do not reach the merits of Nationwide's assigned errors and dismiss this appeal.
 {¶ 2} Aaron Thompson ran a red light while attempting to flee from the Waverly police and struck a vehicle driven by Nedra Jandes. Thompson was insured under a policy issued by Nationwide. Approximately a year later, Nationwide filed a complaint for declaratory judgment against Thompson, the Jandes, and Grange Mutual Insurance Company ("Grange") (the Jandes' insurer at the time of the accident). Nationwide sought a declaratory judgment that the accident was not covered by the policy it issued to Thompson because an exclusion for intentional bodily injury/property damage applied.
 {¶ 3} The Jandes and Grange answered the complaint. After several attempts to serve Thompson, who is apparently still trying to allude the justice system, Nationwide successfully served him by publication. Thompson failed to respond to the complaint and Nationwide filed a motion for default judgment against him. Neither the Jandes nor Grange responded to this motion. The trial court granted the motion for default judgment and held that Thompson was not entitled to coverage for the accident with Jandes under the Nationwide policy.
 {¶ 4} Thereafter, the Jandes filed a "motion to strike" the entry of default judgment as it was written. The Jandes argued that they had an interest in whether Thompson was covered by the Nationwide policy for the accident and the court's default judgment entry unfairly jeopardized the Jandes' rights under that policy. The Jandes further argued that Thompson was covered under the Nationwide policy because, even if his actions were intentional, the injuries or damages he caused were not intentional. Nationwide opposed the Jandes' motion, arguing that the Jandes had failed to indicate under which section of Civ.R. 60(B) they were bringing the motion and that they did not cite a reason for failing to respond to the initial motion for default judgment. The Jandes filed a reply indicating that their motion was brought under Civ.R. 60(B)(5) and that they did not respond to the motion for default judgment because they had no basis for objecting to it since Thompson had not responded to the complaint.
 {¶ 5} The court granted the Jandes' motion under Civ.R. 60(B)(5). The court concluded that, even if Thompson's actions were intentional, Nationwide could only avoid coverage under Ohio law if Thompson intended to cause injury or damage to the Jandes. Since Nationwide did not allege that Thompson intended to cause injury or damage, the accident was covered by the Nationwide policy. The court found that its purpose was to ensure that justice is served and concluded that relief from the judgment was appropriate.
 {¶ 6} Nationwide appealed the court's judgment, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
The trial court erred by failing to deny Appellees' motion to strike the default judgment in favor of the Appellant because Appellees did not meet the statutory requirements of Ohio Rule of Civil Procedure 60(B).
SECOND ASSIGNMENT OF ERROR
The trial court abused its discretion when it granted Appellees', Ronald and Nedra Jandes, motion to strike the default judgment in favor of Appellant, pursuant to Ohio Rule of Civil Procedure 60(B)(5).
 {¶ 7} Before we can address the merits of Nationwide's assigned errors, we must determine whether the trial court's entry is a final appealable order. An order must be final before an appellate court can review it. See Section 3(B)(2), Article IV, Ohio Constitution; R.C.2505.03(A); Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 87, 541 N.E.2d 64. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. See, e.g., Whittington v. Kudlapur
(July 25, 2001), Hocking App. No. 01CA1.
 {¶ 8} "A final [order] determines the whole case, or a distinct branch thereof, and reserves nothing for future determination, so that it will not be necessary to bring the cause before the court for further proceedings." Id. (citations omitted). "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." Bell v. Horton, 142 Ohio App.3d 694, 696,2001-Ohio-2593, 756 N.E.2d 1241.
 {¶ 9} A trial court's decision regarding a proper Civ.R. 60(B) motion is final and appealable. See GTE Automatic Electric v. ARC Industries
(1985), 47 Ohio St.2d 146, 351 N.E.2d 113. However, a Civ.R. 60(B) motion is proper only with respect to final judgments. See Vanest v. PillsburyCo. (1997), 124 Ohio App.3d 525, 532, 706 N.E.2d 825; see, also, Civ.R. 60(B) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * *.") (emphasis added); Jarrett v. Dayton Osteopathic Hosp., Inc. (1985),20 Ohio St.3d 77, 78, 486 N.E.2d 99. Thus, logically, "Civ.R. 60(B) is not the proper procedural device a party should employ when seeking relief from a non-final order." Vanest at 532-533.
 {¶ 10} If the judgment from which the moving party seeks relief is not final, then the motion is properly construed as a motion to reconsider an interlocutory order. See Pitts v. Dept. of Transportation (1981),67 Ohio St.2d 378, 423 N.E.2d 1105; Vanest v. Pillsbury Co. (1997),124 Ohio App.3d 525, 534, 706 N.E.2d 825; Wolford v. Newark CitySchool Dist. Bd. of Edn. (1991), 73 Ohio App.3d 218, 596 N.E.2d 1085. Interlocutory orders are not appealable until the trial court renders a final judgment. See, e.g., Vanest, supra.
 {¶ 11} Here, the trial court's entry granting default judgment resolved only the claim against Thompson. The claims against the Jandes and Grange were still pending at the time the court granted the motion. Under Civ.R. 54(B):
When more than one claim for relief is presented * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of adetermination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of the parties, shall notterminate the action as to any of the claims or parties, and the order orother form of decision is subject to revision at any time before theentry of judgment adjudicating all the claims and the rights andliabilities of all the parties. (Emphasis added.)
The court did not include the "no just reason for delay" language in its entry granting Nationwide's motion for default judgment. Since the court did not include this language and Nationwide's claims against the Jandes and Grange were still pending, the order granting the default judgment was not a final judgment.
 {¶ 12} Having concluded that the entry granting Nationwide's motion for default judgment against Thompson was not final, we find that the Jandes' motion was actually a motion to reconsider and not a Civ.R. 60(B) motion. The fact that the trial court treated the motion as a Civ.R. 60(B) motion is not dispositive since the Jandes could not properly bring such a motion. The court's decision to grant the motion to reconsider is interlocutory and, thus, not appealable. Fleenor v. Caudill, Scioto App. No. 03CA2886, 2003-Ohio-6513. Therefore, we lack jurisdiction and must dismiss the appeal.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. McFarland, J.: Concur in Judgment and Opinion.