OPINION
{¶ 1} Plaintiff-appellant Brian Arledge appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which sustained the motion of defendant Sherrie Green-Brown to vacate a default judgment entered in favor of appellant.
 {¶ 2} On October 24, 2005, the trial court granted default judgment in favor of appellant on his complaint as a sanction against appellee for failure to comply with the court's prior discovery orders. The court's judgment entry states in pertinent part: "Upon consideration, therefore, a Default Judgment in favor of Plaintiff on his complaint. This court further orders that a hearing on damages and on an award of attorney fees to Plaintiff will take place on Friday, November 4, 2005 at 10:00 a.m. in this matter."
 {¶ 3} The record indicates the court later continued the hearing on damages, and then on January 18, 2006, granted appellee's motion to vacate the judgment.
 {¶ 4} A default judgment which determines the issue of liability but continues the matter for a determination of damages is not a final judgment, Prather v. American Medical Response, Inc., 2002 Ohio 5261 at ¶ 10, citing Schelich v. Theatre Effects, Inc. (1996),111 Ohio App.3d 271, 272-273, 675 N.E.2d 1349. . Similarly, in Wolford v. Newark CitySchool District Board of Education (1991), 73 Ohio App. 3d 218,596 N.E. 2d 1085, this court found a judgment vacating an interlocutory order is itself not a final appealable order.
 {¶ 5} Section III, (B)(2), Article IV of the Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments. We find we lack jurisdiction over this matter, and accordingly, the appeal is dismissed.
By Gwin, P.J., Edwards, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction. Costs to appellant.