[Cite as *In re K.M.*, 2011-Ohio-3632.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

IN THE MATTER OF:

    K. M.,

ADJUDGED DEPENDENT CHILD,

[JEFFREY M.,
    APPELLANT/FATHER],
[KATHLEEN M.,
    APPELLANT/MOTHER].

CASE NO. 17-11-15

**O P I N I O N**

---

IN THE MATTER OF:

    A. M.,

ADJUDGED DEPENDENT CHILD,

[JEFFREY M.,
    APPELLANT/FATHER],
[KATHLEEN M.,
    APPELLANT/MOTHER].

CASE NO. 17-11-16

**O P I N I O N**

---

IN THE MATTER OF:

    J. M.,

ADJUDGED DEPENDENT CHILD,

[JEFFREY M.,
    APPELLANT/FATHER],
[KATHLEEN M.,
    APPELLANT/MOTHER].

CASE NO. 17-11-17

**O P I N I O N**

Case Nos. 17-11-15, 17-11-16, 17-11-17

---

**Appeal from Shelby County Common Pleas Court**
**Trial Court Nos. 2010-NEG-0024, 2010-NEG-0026, 2010-NEG-0025**

**Judgments Reversed and Causes Remanded**

**Date of Decision:   July 25, 2011**

---

**APPEARANCES:**

   *Darrell L. Heckman*  **for Appellants**

   *Rachael E. Stir*  **for Appellee**

**PRESTON, J.**

{¶1} Parents-appellants, Kathleen M. and Jeffrey M. (hereinafter "appellants"), appeal the Shelby County Court of Common Pleas' judgment entry adjudicating their three minor children, K.M., J.M., and A.M., dependent children pursuant to R.C. 2151.04(C) and (D) and ordering that the children remain under the protective supervision of the Shelby County Department of Job and Family Services, Children Services Division (hereinafter "Children Services") for six (6) months. For the reasons that follow, we reverse.

{¶2} On August 6, 2010, Shelby County Sheriff's Deputy Strunk and Chief Glass of the Botkins Police Department responded to Kathy's phone call

requesting police assistance for an unruly child (J.M.). (Doc. No. 30, Dec. 1, 2010 Magistrate's Decision, FOF #2).  While responding to the call, Deputy Strunk and Chief Glass observed that appellants' home was filled with clutter, debris, junk, dirt, and filth, to the point that it was difficult to travel from room to room. (Id. at FOF ##7-8).  Deputy Strunk and Chief Glass took several photographs of the inside of appellants' home. (Id. at FOF #6); (Exs. A-G, I-Q).

{¶3}   On August 12, 2010, Children Services visited appellants' home and noted that the home was in a similar condition as that depicted in the August 6th photographs. (Id. at FOF #13).  On August 17, 2010, Children Services enacted a "safety plan," removed the children from appellants' home, and placed the children with a neighbor until the conditions of the home improved. (Id. at FOF ## 22-23).  Children Services noticed some improvements in appellants' home during their August 17th visit but the totality of the clutter, filth, smell, etc. remained. (Id. at FOF #23).

{¶4}   On August 19, 2010, Children Services returned to appellants' home and noticed that the home's condition was a "major improvement." (Id. at FOF #24).  The clutter in the home had been removed; the home had been cleaned and tidied; the cleaning supplies and other dangerous chemicals properly stored; and the counters and floors had been cleaned and shined. (Id. at FOF # 26).  Children Services took several photographs of appellants' home on that date showing the

improvements. (Id.); (Exs. R-HH). As a result of the home inspection, Children Services lifted the "safety plan" and allowed the children to return home. (Id. at FOF #25). On September 22, 2010, Children Services returned to the home for another inspection, but appellants did not allow them to enter the home. (Id. at FOF #32).

{¶5} On September 28, 2010, Children Services filed complaints alleging that the three children were neglected and dependent children pursuant to R.C. 2151.03(b) and (f) and R.C. 2151.04(c) and (d). (Doc. Nos. 1, 1, 1).[1] The complaint involving K.M. was assigned case no. 2010 NEG 0024; the complaint involving J.M. was assigned case no. 2010 NEG 0025; and the complaint involving A.M. was assigned case no. 2010 NEG 0026.

{¶6} On November 19, 2011, an adjudication hearing was held before a magistrate, and, on December 1, 2010, the magistrate issued decisions finding that the children were dependent children. (Doc. Nos. 29, 29, 30).

{¶7} A dispositional hearing was held on December 8, 2010. (Id.). On December 14, 2010, the magistrate issued decisions that the children should remain in appellants' physical custody but under Children Services' protective supervision for six (6) months. (Doc. Nos. 30, 30, 31). The magistrate ordered that Children Services monitor appellants home through announced and

---

[1] Since there are three separate trial court case numbers involving each child, citations to the record herein will have three docket numbers, one for each case, even though some of the docket numbers are identical.

unannounced visits, but ordered that appellants' shall not be required to complete any additional services or duties. (Id.).

**{¶8}** On December 15, 2010, the trial court filed orders adopting the magistrate's December 1, 2010 adjudication and instructed counsel for Children Services to prepare proposed judgment entries in conformity with its orders. (Doc. Nos. 31, 31, 32).

**{¶9}** On December 21, 2010, the trial court filed entries adjudicating the children dependent children as defined in R.C. 2151.04(c) and (d). (Doc. Nos. 32, 32, 33).

**{¶10}** On January 3, 2011, the trial court filed orders adopting the magistrate's December 14, 2010 dispositional decisions and instructing counsel for Children Services to prepare judgment entries in conformity with its orders. (Doc. Nos. 33, 33, 34).

**{¶11}** On January 6, 2011, appellants filed a "Motion for Extension of Time to File Objections to Magistrate's Decisions" pursuant to Civ.R. 53(D)(5). (Doc. No. 35). The motion specifically requested leave to file delayed objections with respect to the magistrate's December 1st adjudication and December 14th disposition. (Id.).

**{¶12}** On January 7, 2011, the trial court granted the motion, ordering that: a transcript be prepared at appellants' expense and filed by February 15, 2011;

and, "* * * [appellants] shall be granted leave to supplement their Objections within 14 days after the filing of the transcript herein." (Doc. Nos. 35, 35, 36).

{¶13} On February 22, 2011, appellants filed a "supplement to objections." (Doc. Nos. 40, 40, 41). On February 28, 2011, Children Services filed a response to the objections arguing that the trial court should ignore appellants' objections since they were untimely. (Doc. Nos. 41, 41, 42). On March 7, 2011, appellants filed a reply to Children Services' response. (Doc. Nos. 42, 42, 43).

{¶14} On March 8, 2011, the trial court filed a judgment entry dismissing appellants' objections as untimely with respect to the magistrate's December 1st adjudication and overruling appellants' objections with respect to the magistrate's December 14th disposition. (Doc. Nos. 43, 43, 44). The trial court adjudicated the children dependent and ordered that the children remain under Children Services' protective supervision for six (6) months. (Id.).

{¶15} On March 21, 2011, appellants filed their notice of appeal. (Doc. Nos. 45, 45, 46). Appellants now appeal raising three assignments of error for our review.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN FINDING THE CHILDREN TO BE DEPENDENT UNDER R.C. 2151.04(C).**

**{¶16}** In their first assignment of error, appellants argue that the trial court erred by not considering their objections to the magistrate's December 1st adjudication after it had granted leave to file the objections. Next, appellants argue that the trial court committed plain error by adjudicating the children dependent, because the conditions in the home were remedied before the filing of the complaint.

**{¶17}** Before addressing the merits of appellants' assignment of error, we must address Children Services' jurisdictional argument. Children Services argues that, under App.R. 4(B)(2) and (3), appellants were required to file their notice of appeal within thirty (30) days after January 3, 2011, when the trial court adopted the magistrate's dispositional decision. We disagree.

**{¶18}** Juv.R. 40(D)(4) provides, in pertinent part:

> **(4)** *Action of court on magistrate's decision and on any objections to magistrate's decision; entry of judgment or interim order by court.*
>
> **(a)** *Action of court required.* **A magistrate's decision is not effective unless adopted by the court.**
> * * *
> **(e)** *Entry of judgment or interim order by court.* **A court that adopts, rejects, or modifies a magistrate's decision** *shall also enter a judgment* **or interim order.**

Juv.R. 40(D)(4)(a), (e) (emphasis added). The trial court's January 3, 2011 order was merely an adoption of the magistrate's December 14, 2010 dispositional

decision as required under Juv.R. 40(D)(4)(a). Juv.R. 40(D)(4)(e), however, requires that the trial court "*also* enter a judgment." *In re K.K.*, 9th Dist. No. 22352, 2005-Ohio-3112, ¶6, quoting *Harkai v. Scherba Industries, Inc.* (2000), 136 Ohio App.3d 211, 218, 736 N.E.2d 101 ("* * * a trial court cannot merely adopt a magistrate's decision but must enter its own judgment that sets forth 'the outcome of the dispute and the remedy provided.'"). In fact, the trial court sub judice ordered that counsel for Children Services prepare a "Judgment Entry in conformity with [the magistrate's Dec. 14, 2010] decision * * * for final approval and filing." (Doc. Nos. 31, 31, 32). As such, the trial court's January 3, 2011 entry was not a final appealable order triggering App.R. 4(A)'s thirty-day filing deadline. App.R. 4(A) was not triggered until the trial court filed its judgment entry of disposition on March 8, 2011. (Doc. Nos. 43, 43, 44). Appellants' notice of appeal was filed March 21, 2011, well within the App.R. 4(A)'s thirty-day filing deadline. (Doc. Nos. 45, 45, 46). Therefore, this Court has jurisdiction.

{¶19} With respect to the merits of appellants' first assignment of error, we conclude that the trial court erred when it dismissed appellants' objections to the magistrate's December 1st adjudication as untimely. The record indicates that, on January 6, 2011 and prior to the trial court entering its judgment entry of disposition, appellants filed a "Motion for Extension of Time to File Objections to

Magistrate's Decisions" pursuant to Civ.R. 53(D)(5).[2] (Doc. No. 35). Appellants' motion specifically requested leave to file delayed objections with respect to both the magistrate's December 1st adjudication *and* December 14th disposition. (Id.). In support of their motion, appellants alleged that their previous trial counsel refused to file objections despite their request requiring them to retain new trial counsel, who subsequently filed the motion for extension of time. (Id.). Appellants also requested that a transcript be prepared and requested leave to supplement their objections after the transcript was filed. (Id.).

{¶20} On January 7, 2011, the trial court filed an "Order For Transcript," which stated, in pertinent part:

> **On January 6, 2011, [appellants], parents of the above-captioned children, filed their objections to the Magistrate Decision of December 1, 2010 and December 14, 2010. The Defendant further requested leave of the Court to supplement such objections upon the filing of a transcript of the proceedings herein.**
>
> **The Court finds the request of [appellants] to be well taken and Orders that a transcript of the proceedings be prepared at the [appellants'] expense. * * ***
>
> **It is further ORDERED that the Transcript of the proceedings must be filed by February 15, 2011.**

---

[2] Technically, the motion should have been filed pursuant to Juv.R. 40(D)(5), but the appellants' failure to designate the proper rule is not fatal. *Smith v. Treadwell*, 11th Dist. No. 2009-L-150, 2010-Ohio-2682, ¶9, Fn.2.

> **The Court further ORDERS that [appellants] shall be granted leave to supplement their Objections within 14 days after the filing of the transcript herein.**

(Doc. Nos. 35, 35, 36). Contrary to the trial court's statements in its January 7, 2011 order, appellants did not file their initial objections until February 22, 2011, although appellants labeled them as a "supplement to objections." (Doc. Nos. 40, 40, 41).

{¶21} On March 8, 2011, the trial court filed a judgment entry dismissing appellants' objections to the magistrate's December 1st adjudication as untimely. (Doc. Nos. 43, 43, 44). The trial court concluded that its January 7, 2011 order granting appellants an extension of time to file objections to the magistrate's December 1st adjudication was erroneous since it had already filed its order of adjudication on December 21, 2010, prior to appellants' request for an extension of time. (Id.). The trial court reasoned that appellants were required to file a Civ.R. 60(B) motion for relief from its December 21st order of adjudication. (Id.). With respect to the magistrate's December 14th disposition, however, the trial court found that the motion for extension of time was timely since it was filed before it had entered its final order of disposition. (Id.). Consequently, the trial court only considered appellants' objections relative to disposition. (Id.).

{¶22} "'[I]n order to constitute a final appealable order in dependency cases, a dependency finding (adjudication) must be accompanied by an order of

-10-

disposition.'" *In re Miller*, 3d Dist. Nos. 13-06-41, 13-06-42, 13-06-51, 13-06-52, 2007-Ohio-4238, ¶4, quoting *In re Nibert*, 4th Dist. No. 04CA15, 2005-Ohio-2797, ¶16, Fn.2.  See, also, *In re Murray* (1990), 52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus.   The trial court's December 21, 2010 order of adjudication, therefore, was not a final appealable order but an interlocutory order.  *In the Matter of Hall* (May 20, 1977), 6th Dist. Nos. H-76-12, H-77-3, H-77-5, H-77-6, at *2.  Contrary to the trial court's conclusion herein, it had inherent authority to vacate this interlocutory order, because interlocutory orders are subject to revision before the entry of final judgment. *Mulford v. Columbus and Southern Ohio Elec., Co.* (Jan. 12, 1994), 4th Dist. No. CA-1548, at *4, citing Civ.R. 54(B); *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379-80, 423 N.E.2d 1105, Fn.1; *Davis v. Davis* (Mar. 26, 1992), 8th Dist. Nos. 60224, 60751; *State v. Gandy* (June 16, 1988), 8th Dist. Nos. 53884, 54010.  Additionally, since the December 21, 2010 order was not a final appealable order, a Civ.R. 60(B) motion—which the trial court stated was required—would have been inappropriate. *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 532, 706 N.E.2d 825, citing *Jarret v. Dayton Osteopathic Hosp., Inc.* (1985), 20 Ohio St.3d 77, 78, 486 N.E.2d 99. See, also, *Schelick v. Theatre Effects, Inc.* (1996), 111 Ohio App.3d 271, 272, 675 N.E.2d 1349.  Since the trial court had not yet entered its judgment entry of disposition (i.e. a final appealable order), appellants were permitted to file a motion for

extension of time to file objections to the magistrate's decision pursuant to Juv.R. 40(D)(5).

{¶23} The trial court exercised its discretion to grant appellants' motion for extension of time. See *In re Estate of Mason*, 184 Ohio App.3d 544, 2009-Ohio-5494, 921 N.E.2d 705, ¶34 (analyzing Civ.R. 53(D)(5)'s extension of time). The trial court's order granting appellants' extension of time was also an interlocutory order subject to reconsideration. *Atlas Am., Inc. v. Fano*, 11th Dist. No. 2008-P-0093, 2008-Ohio-6561. The trial court here did not reconsider the merits of the order granting the extension of time, i.e. whether appellants had demonstrated good cause under Juv.R. 40(D)(5); but rather, the trial court erroneously concluded that it lacked legal authority to grant the extension of time as it had originally done. Therefore, it appears from the record that the trial court would have considered appellants' objections as to adjudication but for its erroneous legal conclusion. Under these circumstances, it is appropriate to remand the matter for the trial court to conduct an "independent review" (Juv.R. 40(D)(4)(d)) of the magistrate's December 1, 2010 adjudication and December 14, 2010 disposition.

{¶24} Appellants' first assignment of error is sustained for the reasons specifically stated herein.

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT ERRED IN MAKING A DISPOSITION CONTINUING STATE SUPERVISION OF THE CHILDREN.**

**ASSIGNMENT OF ERROR NO. III**

**THE TRIAL COURT ERRED IN FINDING THE CHILDREN DEPENDENT UNDER R.C. 2151.04(D).**

{¶25} In their second assignment of error, appellants argue that the trial court inappropriately reviewed the magistrate's decision for an abuse of discretion when it was required to independently review the objections. Appellants further argue that the trial court's disposition was unwarranted since the conditions resulting in Children Services' involvement were remedied before the filing of the complaint. Appellants also argue that the trial court's disposition was inappropriate regardless of when the conditions resulting in Children Services' involvement were remedied. In their third assignment of error, appellants argue that the trial court erred in finding the children dependent under R.C. 2151.04(D) since the trial court erred in finding the children dependent under R.C. 2151.04(C).

{¶26} Since we have already sustained appellants' first assignment of error for reasons stated herein, appellants' remaining assignments of error are rendered moot. Appellants' second and third assignments of error are, therefore, overruled as moot.

**{¶27}** Having found prejudicial error in appellants' first assignment of error, we reverse the judgment of the trial court and remand the matter to the trial court for its *independent review* (Juv.R. 40(D)(4)(d)) of the objections to the magistrate's December 1, 2010 adjudication and December 14, 2010 disposition.

*Judgments Reversed and*
*Causes Remanded*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**