[Cite as *In re L.K.*, 2023-Ohio-4495.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: L.K. | : | APPEAL NO. C-230384 |
| | | TRIAL NO. F19-1527Z |
| | : | |
| | : | *O P I N I O N.* |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  December 13, 2023

*Kimberly V. Thomas*, for Petitioners-Appellants,

*ProKids, Inc.,* and *Paul Hunt*, for Appellee Guardian ad Litem,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Silvia Beck*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services.

**ZAYAS, Presiding Judge.**

**{¶1}** Appellants, petitioners for nonparent custody of L.K., appeal the judgment of the Hamilton County Juvenile Court vacating the dispositional order of temporary custody of L.K. to appellee the Hamilton County Department of Job and Family Services ("HCJFS"). The juvenile court vacated the disposition after finding that it had exceeded its statutory authority when entering the order as the litigation had continued beyond the 90-day statutory deadline. *See* R.C. 2151.35(B)(1). For the reasons that follow, we hold that the juvenile court's judgment is not a final, appealable order and we therefore lack jurisdiction to consider the appeal. Consequently, the appeal is dismissed.

## I. Factual and Procedural History

**{¶2}** This case began in 2019 when appellant grandmother filed a nonparent petition for custody of L.K. in the juvenile court. Subsequently, on August 7, 2020, HCJFS filed a complaint for temporary custody of L.K., alleging that L.K. was a dependent child. That same day, grandmother filed a motion to intervene, for party status, and for interim temporary custody of L.K. Grandmother was granted party status on disposition on August 10, 2020.

**{¶3}** HCJFS filed a first amended complaint on August 14, 2020, adding more recent allegations regarding mother. Interim custody of L.K. was granted to HCJFS that same day. The matter was continued for adjudication and disposition. In the interim, grandmother filed another petition for nonparent custody, and grandmother's husband filed a petition for nonparent custody of L.K.

**{¶4}** On October 13, 2020, the juvenile court noted that all parties waived any objection to the timing of disposition. However, the entry also noted that father was not present.

2

{¶5}   On October 29, 2020, HCJFS filed a complaint for legal custody to a relative, seeking for custody of L.K. to be granted to grandmother and her husband. The following day, HCJFS filed a substantially similar "amended" complaint for legal custody to a relative.

{¶6}   L.K. was ultimately adjudicated dependent on January 26, 2021, and temporary custody of L.K. was granted to HCJFS on March 29, 2021.   The dispositional entry noted that grandmother's petition for custody would be considered a motion to terminate temporary custody.

{¶7}   HCJFS filed a motion to extend temporary custody on June 28, 2021. Litigation continued thereafter for over a year—with the court apparently proceeding simultaneously on HCJFS's motion to extend temporary custody and grandmother's petition for custody—with no resolution of the motion to extend temporary custody, despite objections from mother and HCJFS.  In the interim, HCJFS filed a second motion to extend temporary custody on February 1, 2022.

{¶8}   Ultimately, HCJFS moved to terminate temporary custody on August 8, 2022, asserting that mother had completed all case-plan services, maintained sobriety, and had a strong support system, stable housing and income, and no current safety concerns.

{¶9}   On December 12, 2022, mother filed a motion for shelter care, seeking for L.K. to be returned to her care since it was in L.K.'s best interest—rather than remaining in the temporary custody of HCJFS—as mother had completed services, remained sober, engaged in mental-health treatment, had her criminal record expunged, and was working with a substance-abuse counselor.  Petitioners filed a motion to dismiss mother's motion, which the juvenile court granted on December 20,

2022. The entry noted that the court was proceeding on grandmother's petition for custody before ruling on any of HCJFS's postdisposition motions.

{¶10} On January 13, 2023, mother filed a motion to terminate temporary custody and remand custody of L.K. back to her. The matter was set for trial in front of a new magistrate. On March 13, 2023, the magistrate continued the matter and noted that HCJFS was proceeding on its motion to terminate temporary custody—and withdrawing its motion to extend temporary custody—and all parties had requested for the magistrate to review the prior proceedings rather than start the trial over. On April 28, 2023, the magistrate expanded mother's visitation with L.K. and again continued the matter.

{¶11} On July 7, 2023, the magistrate further expanded mother's visitation with L.K. and selected a future date to expand mother's visitation time even further. However, that same day, the juvenile court entered a decision finding that the juvenile court had exceeded its statutory jurisdiction in the case as the parties had continued litigating past the 90-day dispositional deadline, causing the court to lack any authority to issue any orders other than dismissal of the case. Nevertheless, despite discussing dismissal of the cause, the juvenile court's entry simply vacated the disposition of temporary custody to HCJFS. Petitioners now appeal.

## II. Lack of a Final, Appealable Order

{¶12} HCJFS and the guardian ad litem argue that the appeal should be dismissed for lack of a final, appealable order. We agree.

{¶13} "Generally, the question of whether an order is final and appealable turns on the effect which the order has on the pending action rather than the name attached to it, or its general nature." *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). After consideration of the juvenile court's judgment, we hold that the

effect of the juvenile court's order in this case was to have an open adjudication with no disposition as the juvenile court's entry did not actually dismiss the complaint, despite noting that the court was without the authority to enter any order other than dismissal.

{¶14} To be final and appealable, an adjudication order in a dependency case must be accompanied by an order of disposition. *See, e.g., In re K.M.*, 3d Dist. Shelby Nos. 17-11-15, 17-11-16 and 17-11-17, 2011-Ohio-3632, ¶ 22; *Murray* at fn. 1. Because the juvenile court's July 7, 2023 order resulted in a lack of disposition in the case before us, the judgment is not a final, appealable order and we are consequently without jurisdiction to consider this appeal. Therefore, we must dismiss the appeal.

Appeal dismissed.

**BOCK** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its own entry this date.