OPINION
{¶ 1} On January 5, 1999, CNL American Properties Fund, Inc. filed a complaint against appellants, Midland Food Services II, L.L.C. and Midland Food Services III, L.L.C., and others regarding two restaurant leases between appellants as tenants and appellee, Castle Hill Holdings VII, L.L.C., as landlord. An amended complaint was filed on April 28, 1999. Said complaint added Count IV for money damages arising out of appellants' breach of the restaurant leases. Appellants did not answer or otherwise appear.
 {¶ 2} On September 1, 2000, CNL assigned Count IV of the amended complaint to appellee, and filed a notice of substitution of parties, substituting appellee for CNL. On same date, appellee filed a motion for default judgment. By entry filed same date, the trial court awarded appellee $24,208,473.30 as against appellants ($3,270,068.05 as against Midland II and $20,938,405.25 as against Midland III).
 {¶ 3} On September 29, 2000, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B). By judgment entry filed December 15, 2001, the trial court denied said motion. Appellants appealed. This court affirmed the default judgment, but remanded the case to the trial court for a hearing on damages. See, Castle Hill Holdings, VII, L.L.C. v.Midland Food Services III, L.L.C., Tuscarawas App. No. 2001AP010003, 2001-Ohio-1421.
 {¶ 4} A damages hearing was held on April 9, 2002. By judgment entry filed May 27, 2004, the trial court awarded appellee $21,757,986.00 as against appellants ($3,025,389.00 as against Midland II and $18,732,597.00 as against Midland III).
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erroneously ordered midland food services II, LLC and Midland Food Services III, LLC to pay Castle Hill VII, LLC $3,025,389.00 and $18,732,597.00 respectively on count IV of the original plaintiff CNL American Properties Fund, Inc.'s amended complaint."
 II {¶ 7} "The trial court erred by granting Castle Hill VII, LLC's motion in limine, by refusing to allow Midland Food Services II, LLC and Midland Food Services, III, LLC to present witnesses at the April 9, 2002 damage hearing, and by excluding testimony regarding payments that the Midland defendants made to CNL American Properties Fund, Inc."
 I {¶ 8} Appellants claim the trial court erred in awarding appellee damages in the amounts of $3,025,389.00 and $18,732,597.00, respectively.
 {¶ 9} Appellants' arguments present four issues: 1) whether the amount of damages presented actually reflected the amount due and owing the original plaintiff, CNL, and whether appellee was the proper party to collect the accelerated rents; 2) whether the record established the right to accelerate the rents without proof of appellee's mitigation of damages; 3) whether there was a duty to calculate the accelerated rents into present day dollar value; and 4) whether the trial court properly determined "past due" rents.
 AMOUNT OF DAMAGES {¶ 10} The center of appellants' argument is that Ronald Saverin, appellee's managing member, the only witness to testify during the damages hearing, only testified to the amount of damages appellee sustained when, in fact, Count IV of the amended complaint pertaining to damages was CNL's claim.
 {¶ 11} It is undisputed that on December 5, 1996 and March 27, 1997, appellee assigned their leases with appellants to CNL via a "Collateral Assignment of Restaurant Lease Agreement and Security Agreement," attached to the amended complaint, Plaintiff's Exhibit A, as Exhibits J and Q:
 {¶ 12} "2. Assignment of Lease. Assignor [appellee] hereby grants, bargains, sells, transfers, assigns and conveys to Assignee [CNL] as security, to the extent set forth herein, and hereby creates in favor of Assignee a security interest under the laws of the State of Ohio's Commercial Code or the Uniform Commercial Code adopted therein in and to:
 {¶ 13} "a. The Lease [with appellants] and all of Assignor's rights, benefits and interests thereunder; and
 {¶ 14} "b. Any award made in any court procedure involving any of the parties to the Lease and any bankruptcy, insolvency or reorganization proceedings in any State or Federal court.
 {¶ 15} "3. Exercise of Rights and Remedies. In the event of a default by Assignor under any Loan Document and the passage of any applicable grace period, Assignee shall have the right, at any time and from time to time, to exercise all the rights, remedies, privileges and benefits of Assignor under the Lease, and Assignor shall cease to have any right, title or interest whatsoever in the Lease following Assignee's exercising any of such rights, remedies, privileges and benefits."
 {¶ 16} On the same dates, respectively, CNL entered into a "Subordination, Payment and Security Agreement" with appellants whereby all rents due under the leases would be paid directly to CNL. See, Exhibits K and R, attached to Amended Complaint, Plaintiff's Exhibit A.
 {¶ 17} Thereafter, on August 25, 2000, CNL entered into an "Assignment of Midland Claim" agreement with appellee wherein:
 {¶ 18} "1. APF [CNL] hereby assigns and transfers to Castle Hill VII the Midland Claim, subject to all of the requirements and covenants of the Settlement Agreement. The Midland Claim includes, without limitation, except as may be set forth in the Settlement Agreement, the right to pursue the matters alleged in Count IV of the Amended Complaint. Upon execution of this Assignment, Castle Hill VII shall be vested with the Midland Claim and the parties shall notify the Court in the Ohio Litigation of the substitution of Castle Hill VII as Plaintiff in the place and stead of APF solely with respect to the Midland Claim in the form attached hereto as Exhibit A." See, Plaintiff's Exhibit E.
 {¶ 19} Count IV of the April 28, 1999 amended complaint alleged appellants breached the lease agreements and collateral assignment agreements and were in default for failure to pay monthly rents. See, ¶ 33-36, 44-47. The leases attached as exhibits to the amended complaint set forth the terms and conditions of payments and default. See, Exhibits A, D, E, attached to Amended Complaint, Plaintiff's Exhibit A. The collateral assignments of the lease payments by appellee to CNL are also attached to the amended complaint. See, Exhibits J, K, Q, R, attached to Amended Complaint, Plaintiff's Exhibit A.
 {¶ 20} Appellants never answered or otherwise defended against the amended complaint and Count IV. The trial court denied a Civ.R. 60(B) motion and this court affirmed the decision save the remand for a damages hearing. See, Castle Hill, supra. Therefore, the lease agreements and assignments are accepted as true and the issue of default is admitted.
 {¶ 21} Appellants argue Mr. Saverin's testimony speaks only to the rents in default and accelerated rents and does not speak to CNL's rights under the assignments. The claims of the amended complaint are claims brought under the original leases between appellee and appellants which were assigned to CNL via the collateral agreements. Mr. Saverin testified to the length of the default on the leases, the notice to terminate the lease accelerated payments under the lease and interest and late charges. T. at 25-32, 50-51. This tabulation is also summarized in Plaintiff's Exhibit B.
 {¶ 22} With the collateral assignment of lease payments to CNL and the reassignment back to appellee of the claims set forth in Count IV of the amended complaint, we find Mr. Saverin was a witness with personal knowledge of the amounts due and defaulted and therefore the evidence reflects the claims brought in the amended complaint.
 MITIGATION OF DAMAGES {¶ 23} Appellants argue appellee presented no evidence or proof that it attempted to mitigate its damages on the issue of accelerated rents. We disagree. Appellee did not have the burden of proof on mitigation. Mitigation is an affirmative defense to a claim. Young v. Frank's Nursery Crafts, Inc. (1991), 58 Ohio St.3d 242. "Affirmative defenses, other than those specified in Civ.R. 12(B), are waived if not raised in a pleading, pursuant to Civ.R. 8(C), or an amended pleading, pursuant to Civ.R. 15." Schumar v. Kopinsky (August 30, 2001), Cuyahoga App. No. 78875. In this case, appellants, by not answering or defending the allegations in Count IV, abandoned the defense.
 {¶ 24} In addition, we find it hard to fathom how appellee could have mitigated its damages while appellants remained in possession of the premises. Mr. Saverin specifically testified there was an initial attempt to find new franchise tenants for the restaurant properties, but the plan failed because appellants were still in possession of the premises. T. at 52-55. Therefore, an attempt to mitigate was shown but mitigation was impossible because of appellants' presence on the premises.
 PRESENT DAY VALUE FOR ACCELERATED RENTS {¶ 25} Appellants argue if accelerated rents are due, the trial court erred in not accepting the present value calculations as submitted by appellee in Exhibit 2, attached to appellee's "Written Closing Argument and Submission of Supplemental Evidence" filed April 19, 2002. We concur with appellants' position that the accelerated rents in this case constitute "future damages" and therefore should have been reduced to present value. See, Galayda v. Lake Hospital Systems, Inc. (1994),71 Ohio St.3d 421, 425.
 PAST DUE RENTS {¶ 26} In its judgment entry filed May 27, 2004, the trial court found rents due before April 1, 2002 were past due rents. Any rents due after said date were accelerated rents. Appellants argue this determination is contrary to the evidence presented in Exhibits M and T, attached to Amended Complaint, Plaintiff's Exhibit A. These exhibits gave appellants notice that as of December 15, 1998, appellee was terminating the leases and accelerating the rents. CNL also notified appellants on March 23, 1999 that it was exercising its rights to terminate the leases. See, Exhibit N, attached to Amended Complaint, Plaintiff's Exhibit A. Appellants advance this argument as part of their argument on mitigation. We concluded supra that the duty to mitigate was impossible therefore, we find the trial court did not abuse its discretion in determining April 1, 2002, the first day of the month wherein the hearing on damages was held, to be the date of breach and the pivotal date in determining past due rents from accelerated rents.
 {¶ 27} Assignment of Error I is granted as to the issue of present value calculation for accelerated rents and denied on all other issues.
 II {¶ 28} Appellants claim the trial court erred in determining they were barred from presenting witnesses on the issue of payments they made to CNL. We disagree.
 {¶ 29} The trial court specifically stated a defense in chief was not appropriate based upon this court's prior opinion and because appellants were in default:
 {¶ 30} "My interpretation is that Midland can cross examine the witnesses presented by Castle Hill but you would not be putting on a defense. In other words you would not be putting on witnesses but certainly — I don't know what the word participate could possibly mean if you can't cross examine witnesses or object to evidence.
 {¶ 31} "So to the extent that that's what CNL is seeking the motion would be denied and be granted in part I guess as far as if there was any intention of presenting witnesses in defense. And I would just point to the Court of Appeals' statement on page 8, `. . In the conduct of these hearings the defaulting party may participate but cannot defend given the fact they failed to defend in the lawsuit.' My interpretation of that is that there would not be a defense case in chief but certainly participation in the — I don't know what to call you — the movant." T. at 5.
 {¶ 32} We note appellants proffered the excluded testimony. T. at 107-108.
 {¶ 33} In support of their argument, appellants point to this court's previous opinion wherein we stated, "At best, the forbearance agreement payments should be subtracted from the default judgment award." We read this dicta as part of this court's summary of appellants' argument that the Civ.R. 60(B) motion should have been granted.
 {¶ 34} It is axiomatic that satisfaction and payment of a debt is an affirmative defense. Appellants choose not to defend the amended complaint and therefore have become "the architects of their own demise."
 {¶ 35} Assignment of Error II is denied.
 {¶ 36} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part, reversed in part and the matter is remanded to said court for the recalculation of damages consistent with this opinion. Costs to appellants.