[Cite as *Sotnyk v. Guillenno*, 2014-Ohio-3514.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Francis Sotnyk                                   Court of Appeals No. L-13-1198

        Appellant                                Trial Court No. 13CVG00072

v.

Yuan Guillenno, et al.                           **DECISION AND JUDGMENT**

        Appellees                                Decided:  August 15, 2014

* * * * *`

Joanna M. Orth, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Francis Sotnyk, appeals from an order of the Oregon Municipal Court which granted restitution in a forcible entry and detainer action.  For the reasons that follow, we affirm in part and reverse in part.

{¶ 2} Appellant owns a residential duplex located in Oregon, Ohio.  On October 1, 2012, she entered into a lease agreement for the upper level with appellees, Yuan

Guillenno and Aaron Dunbar. On February 20, 2013, appellant filed a forcible entry and detainer action against appellees for non-payment of rent. Appellees were served with notice of a March 14, 2013 hearing date but they failed to appear. On March 19, 2013, the trial court entered judgment in favor of appellant and ordered a writ of restitution for execution of eviction. No eviction was required, however, as appellees had already vacated the premises.

{¶ 3} On June 27, 2013, appellant filed a motion for default judgment seeking damages from appellees. Specifically, appellant sought damages for property repairs and unpaid rent. Following a hearing, appellant was awarded $5,459.67. She now appeals setting forth the following assignment of error:

> The trial court erred, as a matter of law, by failing to include past
> due rent and damages beyond ordinary wear and tear in its overall award of
> damages.

{¶ 4} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). When reviewing a judgment under a manifest weight standard, an appellate court has an obligation to presume that the findings of the trier of fact are correct. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264,

2.

¶ 24. Mere disagreement over the credibility of witnesses or evidence is not sufficient reason to reverse a judgment. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).

{¶ 5} In a case between a landlord and a tenant, a landlord is not entitled to damages for repairs to a rental property where the damages resulted from reasonable wear and tear. *Bibler v. Nash*, 3d Dist. Hancock No. 5-05-09, 2005-Ohio-5036, ¶ 18.

{¶ 6} Appellant first contends that the trial court erred in only awarding her half the amount she asked for in property damages. At the hearing she testified:

> [t]he storm door of the back of the door was off and put into the hallway. The doors to the apartment were off and the doors were broken. The door to the, another door in the apartment was broken. The toilet was broken. The sink was clogged with standing water and hair. It had bed bugs. There were holes in the wall, carpet burns from cigarettes, numerous ones, there were like 35 in the carpet in the front room and the bedroom and the dining room.

{¶ 7} Appellant also testified that appellees had damaged the kitchen floor, broke the window in the front room, and stained the carpet.

{¶ 8} In support of her request, appellant submitted plaintiff's exhibit No. 4 which was an estimate for repairs from the company "Arnold's Home Improvement." Quoting appellant a price of $5,925, the company suggested the following:

3.

Replace storm door on front of house with trap storm door- $650

Remove rest of flooring in kitchen; clean area to prep for new floor; install vinyl peel n stick flooring to replace; remove debris- $675

In living room to patch 2 holes in the plaster; remove wallpaper from rest of the room; prep area and paint to finish-$1,950

Replace window in living room with sunrise vclass series II double hung window-$450

Fix interior doors by moving them and replacing locks that the homeowner supplies; replace door at the entrance to apartment in front; if interior doors can't be fixed, there will be more charges for new-$1,100

Replace sink and toilet in bathroom-$1,100

{¶ 9} Appellant also submitted plaintiff's exhibit No. 5 which was an estimate from an extermination company in the amount of $1,788.06 for the bed bug infestation. The estimate included follow-up inspections and treatment for the lower level of the duplex.

{¶ 10} The court found that plaintiff's exhibit No. 4, the estimate from "Arnold's Home Improvement," lacked substantial detail to award the full amount and consequently, awarded appellant half the amount requested, citing depreciation and normal wear and tear. As for the extermination estimate, the court found that the estimate was overbroad and awarded appellant half of the requested amount to reflect treatment only for the unit rented by appellees.

4.

{¶ 11} The transcript shows that the trial judge was fully engaged in the hearing. He asked appellant questions, specifically seeking clarification or explanation for estimated costs. For example, he questioned why certain items could not be repaired as opposed to more expensively replaced. He also looked at cell phone photos of the supposed damage from appellant's cell phone, though these images are not part of the record before us. Contrary to appellant's assertion that the court did not consider whether or not the damages were beyond normal wear and tear, the court specifically addressed the issue in the judgment entry. After a full review of the record, we conclude that appellant and the trial court simply disagree on the monetary amount for property damages. As this is not an adequate basis for reversal, *Seasons Coal*, *supra*, we find appellant's argument to be without merit.

{¶ 12} Appellant's contention with regard to unpaid rent is another matter. Nowhere in the judgment entry is the issue of unpaid rent mentioned, though it was raised. We agree that the trial court erred in failing to address this claim. Accordingly, we find appellant's sole assignment of error to be not well-taken in part and well-taken in part.

{¶ 13} The judgment of the Oregon Municipal court is remanded to the trial court for a determination of damages for unpaid rent. The judgment is affirmed in all other respects. Costs are to be split evenly between the parties in accordance with App.R. 24.

Judgment affirmed in part
and reversed in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
JUDGE

Arlene Singer, J.

                                               _____
James D. Jensen, J.                                  JUDGE
CONCUR.

                                               _____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.