[Cite as *G&E HC Reit II Parkway Med. Ctr., L.L.C. v. Drs. Ford & Soud, Inc.*, 2019-Ohio-791.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107172

**G&E HC REIT II PARKWAY MEDICAL
CENTER, L.L.C.**

PLAINTIFF-APPELLANT

vs.

**DRS. FORD & SOUD, INC., ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-18-892474

**BEFORE:** Boyle, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 7, 2019

**ATTORNEYS FOR APPELLANT**

John W. Monroe
Brendon P. Friesen
Kathryn E. Weber
Mansour Gavin L.P.A.
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio    44114


**FOR APPELLEES**

Drs. Ford & Soud, Inc.
40 Juniper Lane
Moreland Hills, Ohio    44022

Mahmoud Abou El Soud, pro se
40 Juniper Lane
Moreland Hills, Ohio    44022

MARY J. BOYLE, P.J.:

{¶1}    Plaintiff-appellant, G&E Reit II Parkway Medical Center, L.L.C. ("PMC"), appeals from the trial court's order granting PMC default judgment and damages against defendants-appellees, Drs. Ford & Soud, Inc. and Mahmoud Abou El Soud, M.D.   PMC raises one assignment of error for our review:

> The trial court erred in granting only in part Appellant's Motion for Default Judgment, drastically reducing the amount of uncontested damages sought, when Appellant's contentions on damages were supported by the evidence and pertained to the claim for breach of the lease, not one for forcible entry and detainer.

{¶2}    Finding merit to PMC's assignment of error, we affirm the trial court's grant of default judgment to PMC, but reverse the trial court's damages award.

## I. Procedural History and Factual Background

**{¶3}** On February 2, 2018, PMC filed a complaint against appellees for breach of contract and unjust enrichment. According to the complaint, PMC owned a suite in Beachwood, Ohio, and in October 2001, PMC entered into a five-year lease agreement with appellees, who used the suite for their medical practice.

**{¶4}** In May 2006, the parties amended the lease agreement, extending the lease through October 2011. In January 2011, the parties amended the lease agreement again, extending the lease through October 2016. In May 2016, the parties amended the lease a third time, extending the term of the lease through October 2021. That third amendment was attached to PMC's complaint and set forth the following monthly rental schedule:

November 2016-October 2017: $2,857.73/month

November 2017-October 2018: $2,914.88/month

November 2018- October 2019: $2,973.18/month

November 2019-October 2020: $3,032.64/month

November 2020-October 2021: $3,093.30/month

**{¶5}** In its complaint, PMC alleged that appellees "failed to pay the full base rent due under the Lease since July 1, 2017." It stated that as a result, on "August 14, 2017, [PMC] served upon [appellees] a three-day written notice to leave the Premises" and that appellees "vacated the Premises on or about November 14, 2017." PMC alleged that "[a]s of the date of this Complaint, [PMC] has not been able to re-lease the Premises despite its commercially reasonable efforts to do so."

**{¶6}** Based upon the appellees' alleged failure to pay rent and PMC's inability to re-lease the office space, PMC alleged that appellees were in default under the lease and sought

"all rents and other damages * * * for a total amount of at least $179,786.11." PMC attached an accounting of the amounts of rent and other damages to its complaint.

{¶7} Under its count for breach of contract, PMC alleged that appellees "materially breached the Lease by failing to pay [PMC] all rents due since July 1, 2017." PMC stated that it was "damaged in the principal amount of at least $179,768.11 and is entitled to judgment against Defendants in that amount, plus interest at 18% per annum, attorneys' fees, costs of the action and for collection." Under its count for unjust enrichment, PMC alleged that appellees were unjustly enriched by "occupying the Premises from July 1, 2017 through November 14, 2017 * * * without payment to [PMC]." It stated that as a result, it "sustained damages and is entitled to judgment against [appellees] in an amount to be proven at trial but in excess of $179,768.11 plus prejudgment and post-judgment interest at the statutory rate, costs of this action and collection."

{¶8} Appellees did not file an answer or other pleading. As a result, the trial court directed PMC to file a motion for default judgment and an affidavit of damages. PMC filed a motion for default judgment with supporting evidentiary materials on March 23, 2018. The trial court held a hearing on PMC's motion on April 9, 2018.

{¶9} On April 10, 2018, the trial court granted in part and denied in part PMC's motion and awarded PMC $15,088.92 in damages. The trial court's journal entry stated that $15,088.92 "is the amount of rent Magistrate Byrne found was due and owing at the time of the eviction." The trial court stated, "[t]he remainder of [PMC's] complaint is denied as this court finds [PMC] did not submit evidence sufficient to prove damages."

{¶10} It is from this judgment that PMC now appeals.[1]

---

[1]Despite the fact that appellees failed to file briefs in this case, we may proceed to determine this case on the merits, only reversing the trial court's judgment where the appellant's brief reasonably supports grounds for

**{¶11}** On September 18, 2018, we ordered PMC to brief "the issue of whether the trial court's judgment * * * constitutes a final appealable order pursuant to R.C. 2505.02." As a result, PMC filed an additional appellate brief in support.

## II. Law and Analysis

### A. Final Appealable Order

**{¶12}** Before reviewing the merits of PMC's assignment of error, we must first determine whether we have jurisdiction to do so.

**{¶13}** An appellate court has jurisdiction to review, affirm, modify, set aside, or reverse judgments or final orders. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.01. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. *See Gen. Accident Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). In the event that the parties involved in the appeal do not raise this jurisdictional issue, an appellate court must raise it sua sponte. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 87, 541 N.E.2d 64 (1989).

**{¶14}** The Supreme Court of Ohio set forth a two-step analysis to determine whether an order is final and appealable in *Gen. Accident* at 20. Under that analysis, an appellate court must first determine whether the order is "final" under R.C. 2505.02. *Id.* at 21. R.C. 2505.02(B) provides that

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

---

reversal. *Keller & Kehoe, L.L.P. v. Smart Media of Delaware, Inc.*, 8th Dist. Cuyahoga No. 103607, 2016-Ohio-5409, ¶ 25, citing App.R. 18(C).

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy * * *;

(5) An order that determines that an action may or may not be maintained as a

class action[.]

{¶15} Upon determining that the order is final, the court must determine whether Civ.R. 54(B) applies. Civ.R. 54(B) states, in relevant part,

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

{¶16} When a trial court's default judgment determines the amount of damages, it affects a substantial right and, therefore, satisfies R.C. 2505.02(B)(1) and constitutes a final appealable order. *Bussa v. Hadsel Chem. Processing, L.L.C.,* 4th Dist. Pike No. 16CA865, 2016-Ohio-5718, ¶ 10; *Schelich v. Theatre Effects*, 111 Ohio App.3d 271, 272, 675 N.E.2d 1349 (3d Dist.1996), citing *Wolford v. Newark City School Bd. of Edn.*, 73 Ohio App.3d 218, 596 N.E.2d 1085 (5th Dist.1991). Here, the trial court awarded PMC default judgment and $15,088.92 in damages, thereby satisfying R.C. 2505.02(B)(1). The trial court also denied the remainder of PMC's complaint, thereby adjudicating all of the claims and satisfying Civ.R. 54(B). Therefore, we find that the trial court's order is final and appealable and that we have jurisdiction.

**B. Default Judgment and Award of Damages**

**{¶17}** In its sole assignment of error, PMC argues that the trial court erred when it "drastically reduc[ed] the amount of uncontested damages sought[.]" In support of its assignment of error, PMC raises the following three issues:

> (1) Whether the trial court erred in failing to hold an additional hearing on damages and instead found that Appellant failed to submit sufficient evidence to prove it was entitled to damages in the amount sought;
>
> (2) Whether the trial court erred when it awarded Appellant damages in a different amount and kind than requested in its demand for judgment;
>
> (3) Whether Appellant was entitled to damages beyond the amount of unpaid rent at the time of the eviction.

**{¶18}** We review a trial court's decision to grant a motion for default judgment under an abuse of discretion. *Chase Bank USA, N.A. v. Courey*, 8th Dist. Cuyahoga No. 92798, 2010-Ohio-246, ¶ 22. "But unlike the initial decision to grant a default judgment, 'the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).'" *Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.), quoting *Natl. City Bank v. Shuman*, 9th Dist. Summit No. 21484, 2003-Ohio-6116. Thus, we review whether a trial court's grant of default judgment complies with Civ.R. 55 and Civ.R. 54 de novo. *Id.*; *see also Masny v. Vallo*, 8th Dist. Cuyahoga No. 84938, 2005-Ohio-2178, ¶ 15.

**{¶19}** The award of default judgment is governed under Civ.R. 55 and provides that "[i]n all cases a judgment by default is subject to the limitations of Rule 54(C)." *Dye* at ¶ 8. And under Civ.R. 54(C), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

> The primary purpose of Civ.R. 54(C)'s limitations on default judgment is to ensure that defendants are clearly notified of the maximum potential liability to

which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action.

*Shuman* at ¶ 11.

### 1. Hearing on Damages

**{¶20}** PMC first argues that the trial court erred by not holding an additional hearing on damages. We disagree.

**{¶21}** Civ.R. 55(A) states,

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court *may* conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

(Emphasis added.) In other words, the trial court "has the discretion to conduct a hearing following an entry of default judgment in order to determine the measure of damages." *Berube v. Richardson*, 8th Dist. Cuyahoga No. 104651, 2017-Ohio-1367, ¶ 13. In fact, a trial court "may enter a default judgment without a hearing where the amount claimed is liquidated or can be calculated from evidence contained in the record." *RLM Properties v. Roberts*, 2d Dist. Champaign No. 2014 CA 8, 2014-Ohio-3510, ¶ 15.

**{¶22}** It is obvious from Civ.R. 55(A)'s language that the trial court was not required to hold an additional hearing. Further, based on the fact that the trial court had before it an expressed written contract, we cannot say that the trial court abused its discretion by failing to hold additional hearings on damages. *See Bd. of Cty. Commrs., Columbiana Cty., Ohio v. Country Estates Health Care, Inc.*, 7th Dist. Columbiana No. 1211, 1979 Ohio App. LEXIS 8885, 11-12 (May 2, 1979) (finding that the trial court "had before it a written expressed

contract from which damages could be determined together with the complaint" and, therefore, no hearing was necessary).   Therefore, we reject PMC's argument.

### 2. The Trial Court's Award

**{¶23}** PMC next argues that the trial court erred by awarding it a lesser amount of damages ($15,088.92) than what it requested in its motion for default judgment ($249,253.76 plus post-judgment interest at 18 percent per annum, the costs of the action and for collection, and further relief).   In support of its argument for more damages, PMC points to a spreadsheet it provided to the trial court, the affidavit of damages it filed, and the default clause contained in the lease.

**{¶24}** First, as to PMC's spreadsheet, while a trier of fact may choose to award damages based on estimates provided, there is no mandate that a trier of fact award such amount.   *See Sotnyk v. Guillenno*, 6th Dist. Lucas No. L-13-1198, 2014-Ohio-3514, ¶ 11 (recognizing that the trial court did not err in awarding only half the amount stated in the estimates for repairs after considering evidence submitted on hearing for damages; trial court as trier of fact determines property damages).   The weight accorded to the evidence and the credibility of the witnesses are primarily for the trier of fact.   *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).   Even though exhibit No. 6 attached to PMC's complaint and motion for default judgment gave estimates as to rent, interest, and attorney fees, the trial court, as the trier of fact, was not required to wholly adopt that evidence.   The trial court held a hearing on damages, during which it determined the credibility of those estimates.   Without a transcript of that hearing, we cannot say that the trial court's weighing of the evidence and failure to adopt PMC's estimates was error.   Further, PMC's disagreement with the trier of fact as to the appropriate amount of damages is not grounds for reversal.   *Sotnyk* at ¶ 11.

**{¶25}** Second, PMC argues that the trial court was provided with an affidavit of damages which established that it was entitled to more than $15,088.92. That affidavit of damages, however, is not in the record on appeal. While PMC notes in its brief that it moved the trial court to correct and modify the record to include the affidavit as part of the record, the trial court denied PMC's motion.

**{¶26}** Before addressing PMC's final argument, we must note that PMC failed to supplement the record with the proceedings from the eviction case before Magistrate Byrne in which he found that the amount due and owing at the time of the eviction was $15,088.92. Although we are uncertain as to whether a court reporter was present, PMC also failed to file a transcript of the hearing on damages held in this case. Without those materials, we are unable to review the magistrate's reasoning underlying his finding of damages in the eviction case and the evidence before the trial court during the damages hearing in this case.

**{¶27}** Despite those failures, we find that PMC's last argument has merit and agree that it is entitled to the full amount of past and future rent owed under the lease as well as attorney fees and expenses for enforcing the terms of the lease.

**{¶28}** Generally, money damages for a breach-of-contract claim "are designed to place the aggrieved party in the same position it would have been in had the contract not been violated[.]" *State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.*, 105 Ohio St.3d 476, 2005-Ohio-2974, 829 N.E.2d 298, ¶ 26. When the claim concerns the breach of a commercial lease, however, damages are "limited to only those damages arising from the breach which could not, by reasonable effort on [the landlord's] part without undue risk or expense, have been averted or reduced." *F. Ents., Inc. v. Kentucky Fried Chicken Corp.*, 47 Ohio St.2d 154, 160, 351 N.E.2d 121 (1976). "[W]hen a landlord issues a notice to vacate because of a lease

violation or pursues eviction, the tenant who violated the terms of the lease is liable for the unpaid rents until either the expiration of the lease, or until the premises are re-rented." *Pinnacle Mgt. v. Bell*, 12th Dist. Butler No. CA2011-08-145, 2012-Ohio-1595, ¶ 8, citing *Dennis v. Morgan*, 89 Ohio St.3d 417, 732 N.E.2d 391 (2000).

{¶29} Therefore, generally, when a lease is broken, a commercial landlord is not automatically entitled to all of the rent it expected under a lease. Instead, that landlord has a duty to mitigate damages caused by a breaching lessee. *Frenchtown Square Partnership v. Lemstone, Inc.*, 99 Ohio St.3d 254, 2003-Ohio-3648, 791 N.E.2d 417, ¶ 20. "[T]he duty to mitigate 'requires only reasonable efforts,' and the 'reasonableness of introducing a replacement lessee, is a question for the trier of fact.'" *Chuang Dev. L.L.C. v. Raina*, 10th Dist. Franklin Nos. 15AP-1062 and 16AP-500, 2017-Ohio-3000, ¶ 74, quoting *Frenchtown*.

{¶30} Failure to mitigate damages, however, is an affirmative defense, and the tenant has the burden of proving that the landlord failed to mitigate its damages. *Feller, L.L.C. v. Wagner*, 10th Dist. Franklin No. 11AP-759, 2012-Ohio-5972, ¶ 34, citing *Hines v. Riley*, 129 Ohio App.3d 379, 717 N.E.2d 1133 (4th Dist.1998). Here, appellees did not answer PMC's complaint and, therefore, did not assert the affirmative defense of failure to mitigate damages. Therefore, that defense is waived and there is no evidence in the record before us that PMC did not make reasonable efforts to mitigate its damages. *See Castle Hill Holdings, VII, L.L.C. v. Midland Food Servs., II*, *L.L.C.*, 5th Dist. Tuscarawas No. 2004AP060044, 2005-Ohio-1773, ¶ 23 ("[B]y not answering or defending the allegations[,]" the appellees abandoned the failure-to-mitigate defense.). We also take PMC's allegation that it has been unable to re-lease the premises since appellees left as true because it was not denied in a responsive pleading. *See* Civ.R. 8(D) ("Averments in a pleading to which a responsive pleading is

required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.").

**{¶31}** Interestingly, PMC's failure to file a transcript of the hearing before the trial court would seem to be dispositive of this failure-to-mitigate issue because "[w]hether an injured party used reasonable care to avoid damages presents a question of fact." *First Fin. Bank, N.A. v. Cooper*, 1st Dist. Hamilton No. C-150664, 2016-Ohio-3523, ¶ 23, citing *Pinnacle Mgt. v. Smith*, 12th Dist. Butler No. CA2003-12-327, 2004-Ohio-6928. Based on the fact that the trial court found that PMC was only entitled to $15,088.92, it seems that it implicitly found that PMC failed to mitigate its damages or had evidence showing that PMC was able to rent the premises. Without the transcript, we are not able to say that the trial court's implicit factual determination as to mitigation would be incorrect.

**{¶32}** Fortunately for PMC, however, the lease's language is dispositive of the damages issue and PMC's assignment of error. The lease's default clause makes it clear that the reasonable diligence determination and PMC's ability to re-lease the premises has no bearing on its claims against appellees. That clause states,

> If Tenant shall default in the payment of any installment of rent, or in the observance or performance of any of Tenant's other covenants, agreements or obligations hereunder, * * * Tenant will indemnify Lessor against all loss of rents and other damages which it may incur by reason of such termination during the residue of the Lease Term, and also against all attorney's fees and expenses incurred in enforcing Lease, there shall be allowed to the prevailing party, to be included in any judgment recovered, reasonable attorney's fees and other costs to be fixed by the court. Given the aforementioned circumstances, Lessor shall

have the right to rent the Leased Premises to a third party without waiving any

right to claim against Tenant and without incurring any obligation to pay over to

Tenant any amounts collected pursuant to rental.

In other words, the default clause of the lease allows PMC to re-lease the premises to a third party without waiving any claims against appellees.

{¶33} "[T]he common-law duty with respect to mitigation of damages, 'like many others, may be changed by negotiation between the parties.'" *Plaza Dev. Co. v. W. Cooper Ents., L.L.C.*, 10th Dist. Franklin No. 13AP-234, 2014-Ohio-2418, ¶ 31, quoting *B&G Properties Ltd. Partnership v. OfficeMax, Inc.*, 8th Dist. Cuyahoga No. 99741, 2013-Ohio-5255, 3 N.E.3d 774. In *Plaza*, the court found that the appellees-lessees' liability did not terminate at the time the landlord relet the premises because the contract between the parties stated that the landlord had the right, with or without terminating the lease, to reenter the premises and relet and apply "any rentals received" from such reletting to the amount the appellees-lessees owed. *Id.* at ¶ 32.

{¶34} After a review of the default clause, we find that PMC and appellees agreed that if appellees defaulted, PMC had the right to re-lease the premises without waiving claims against appellees and without the obligation to apply any rent it received from a third party toward what appellees owed. The last sentence of the default clause states, "Given the aforementioned circumstances, Lessor shall have the right to rent the Leased Premises to a third party without waiving any right to claim against Tenant and without incurring any obligation to pay over to Tenant any amounts collected pursuant to rental." Therefore, the factual determination of whether PMC re-leased the premises or whether it made reasonable efforts to re-lease the premises has no bearing on the damages it is entitled to against appellees. The default clause

makes it clear that PMC contracted around its duty to mitigate and that PMC is entitled to the amount of rent that appellees owed and did not pay under the lease's term as well as attorney fees and expenses for enforcing the terms of the lease.

**{¶35}** Accordingly, we sustain PMC's assignment of error.

**{¶36}** Default judgment in favor of PMC is affirmed; however, the trial court's damages award is vacated and remanded to the trial court to award the amount of damages warranted under the lease.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

____

MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J. CONCUR