[Cite as *CSRA Columbus OH Fitness Master Lessee, L.L.C. v. Fitness & Sports Clubs, L.L.C.*, 2025-Ohio-2645.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CSRA COLUMBUS OH FITNESS MASTER LESSEE, LLC, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Robert G. Montgomery, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| FITNESS & SPORTS CLUBS, LLC, et al., | : | Case No. 24 CAE 08 0052 |
| | : | |
| Defendants - Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
                             Court of Common Pleas, Case No.
                             23 CVH 05 0297

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            July 24, 2025

APPEARANCES:

For Plaintiff-Appellee                    For Defendants-Appellants

ANDREW W. OWEN                            NELSON M. REID
UB GREENSFELDER LLP                       BRICKER GRAYDON LLP
65 E. State St., Suite 1100               100 South Third Street
Columbus, OH 43215                        Columbus, OH 43215

                                          A. Grant Phelan
                                          Klehr Harrison Harvey
                                            Branzburg LLP
                                          1835 Market Street, Suite 1400
                                          Philadelphia, PA 19103

*Montgomery, J.*

{¶1}   Appellants Fitness & Sports Clubs, LLC ("F&S") and Fitness International, LLC ("Fitness International"), collectively ("Appellants") appeal from the decision of the Delaware County Court of Common Pleas granting summary judgment to Appellee - CSRA Columbus OH Fitness Master Lessee, LLC ("CSRA Columbus").  As set forth below, we affirm.

## STATEMENT OF THE CASE

{¶2}   On May 17, 2023, CSRA Columbus filed a Complaint against F&S and Fitness International.  In Count I, CSRA Columbus alleges that F&S breached the Lease, and in Count II, that Fitness International breached its guaranty agreement.  On February 9, 2024, CSRA Columbus moved for summary judgment as to liability.  On April 11, 2024, the trial court granted CSRA Columbus' motion for summary judgment and directed the Magistrate to conduct a damages' hearing.  On June 21, 2024, the Magistrate issued its Decision and awarded CSRA Columbus damages in the amount of $6,616,025.53 against Appellants, jointly and severally.  The damages award included three and a half years of accelerated rent in the amount of $4,603,463.36, for the period from June 2024 through the end of the Lease term, December 2027. On August 6, 2024, the trial court overruled Appellants' objections and adopted the Magistrate's Damages' Decision.  Appellants timely filed a notice of appeal asserting one assignment of error regarding the award of accelerated rent in the amount of $4,603,463.36.

## STATEMENT OF RELEVANT FACTS

{¶3}   The trial court found the following undisputed relevant facts.  F&S, as tenant, and CSRA Columbus, as landlord, are parties to a lease agreement (the "Lease")

dated September 26, 2007, initially executed by their respective predecessors-in-interest, Sawmill Fitness, LLC and P&P Real Estate, LLC, as amended.[1]  The leased premises is located at 3474 Sawmill Drive in Powell, Ohio (the "Premises") and is used as a health and fitness club.  The Lease's term is 20 years, ending on December 28, 2027.  Ohio law governs the Lease.

{¶4}    On June 15, 2021, CSRA Columbus and F&S executed a Third Amendment to Lease Agreement ("Third Amendment"). The Third Amendment identified CSRA Columbus as the successor to the original landlord and F&S as the successor to the original tenant. The Third Amendment also explicitly "ratified and affirmed" the terms of the original Lease, as amended by the Third Amendment. The Third Amendment states that "the Lease is guaranteed under the Guaranty Agreement dated October 26, 2012, by [Fitness] ... for the benefit of [CSRA]." The Third Amendment further states that, "[t]he Guaranty Agreement by [Fitness] dated October 26, 2012, is in full force and effect."

{¶5}    On March 15, 2023, Fitness International delivered a Notice of Surrender to CSRA Columbus, advising CSRA Columbus that F&S surrendered the Premises to CSRA Columbus (as landlord), effective immediately.  Fitness International further stated in the notice: "[p]lease be advised that Landlord now has an obligation to mitigate its claimed damages, which will entail, without limitation, the re-letting of the Premises as soon as possible." On March 17, 2023, CSRA Columbus responded and declared F&S in default

---

[1] On September 26, 2007, Sawmill Fitness, LLC ("the Original Lessee") entered a lease with P&P Real Estate, LLC ("the Original Lessor") for property located at 3474 Sawmill Drive, Powell, Ohio. The Lease is for a 20-year term ending on December 28, 2027. Fitness International signed a Guaranty Agreement on October 26, 2012, with the Original Lessor guaranteeing payment if F&S defaulted under the Lease.  F&S is the designated successor lessee to the Original Lease.  The Original Lessor later assigned its rights and obligations as the lessor under the Lease and Guaranty Agreement to CSRA Columbus as the successor lessor.

of the Lease and further stated that F&S was responsible for all rent and other sums due under the Lease through the end of the term, December 28, 2027. On May 17, 2023, CSRA Columbus filed a Complaint against F&S and Fitness International and later moved for summary judgment as to liability. CSRA Columbus asserted that F&S defaulted under Section 8.1 of the Lease by failing to make any payments due under the Lease after April 5, 2023.[2]

{¶6}   The trial court granted summary judgment in favor of CSRA Columbus as to liability. The court concluded that: (1) under Ohio law and the terms of the Lease, the Lease does not require CSRA Columbus to make any effort to re-lease the Property and that rent may be accelerated even if CSRA Columbus fails to mitigate through a re-lease; and (2) under Ohio law, the parties are permitted to agree to such an acceleration clause with a waiver of mitigation, despite the typical duty to mitigate. In its second Judgment Entry, the court stated:

> Two sophisticated commercial parties negotiated the Lease and included the waiver-of-mitigation clause in conjunction with the acceleration clause. Those parties and their successors amended that contract three times and failed to change or eliminate these provisions. Ohio public policy supports enforcing contracts negotiated between parties as written. If a contract is clear and unambiguous, a court must enforce the contract as written. *Alexander v. Buckeye Pipe Line Co., 53* Ohio St.2d 241, 246 (1978).

---

[2] Pursuant to Section 8.1 of the Lease, there are several ways F&S may "default," as that term is defined in the Lease, including by failing "to make any payment of Base Rent or other payments required hereunder on or before the due date thereof . . ."

*Judgment Entry Overruling Defendants' Objections to the Magistrate's 6/12/24 Decision,* at p. *8.*

## SOLE ASSIGNMENT OF ERROR

**{¶7}** "I.   THE TRIAL COURT ERRED IN AWARDING APPELLEE, A LANDLORD, THREE AND A HALF YEARS OF ACCELERATED RENT IN THE AMOUNT OF $4,603,463.36, DESPITE APPELLEE'S FAILURE TO RELET THE PROPERTY OR MITIGATE ITS DAMAGES IN ANY WAY, IN VIOLATION OF BOTH THE PLAIN LANGUAGE OF THE LEASE AND OHIO LAW."[3]

## STANDARD OF REVIEW

### *Summary Judgment*

**{¶8}**   When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 2000-Ohio-186.

**{¶9}**   Civ. R. 56(C) states in pertinent part: "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law ... A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment

---

[3]Importantly, Appellants have not raised any assignments of error regarding any other aspect of the trial court's judgment entries.

is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."

**{¶10}** Thus, summary judgment may be granted only after the trial court determines that: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977). "A trial court should not enter summary judgment if it appears that a material fact is in genuine dispute, or if, construing the allegations most favorably towards the nonmoving party, reasonable minds could draw different conclusions from the undisputed facts." *A. Doe v. First Presbyterian Church (USA),* 126 Ohio App.3d 358, 363 (1998), citing *Hounshell v. Arn. States Ins. Co.,* 67 Ohio St.2d 427, 433 (1981).

## ANALYSIS

**{¶11}** Appellants' assignment of error relates to the award of accelerated rent as damages to CSRA Columbus. According to Appellants, Ohio law and the Lease itself prohibits CSRA Columbus from accelerating rent due under the Lease unless CSRA Columbus demonstrates that it undertook reasonable efforts to mitigate its damages and because CSRA Columbus did not mitigate, it cannot collect accelerated rent. Appellants claim the Lease allows CSRA Columbus to recover accelerated rent only if CSRA Columbus in fact re-leases the Premises and reduces the accelerated rent by the proceeds it receives from the new tenant. Appellants contend the acceleration provision,

with a complete waiver of mitigation, creates a penalty provision and is void as against public policy and results in a windfall to CSRA Columbus.

**{¶12}** On the other hand, CSRA Columbus argues that it was not obligated to mitigate because the plain language of the Lease expressly waives a duty to mitigate. CSRA Columbus claims Ohio courts - including this Court – give effect to the waiver of mitigation language especially where, as here, the parties are sophisticated business entities. According to CSRA Columbus, the damages awarded to it are simply the damages that flowed from the breach of the Lease - nothing more.

### *Contract Interpretation*

**{¶13}** When interpreting a contract, the court's primary role is to ascertain and give effect to the intent of the parties, pursuant to the plain language of the agreement. *Saunders v. Mortensen,* 2004-Ohio-24, ¶ 9. Under Ohio law, parties "have a fundamental right to contract freely with the expectation that the terms of the contract will be enforced." *Nottingdale Homeowners' Assn, Inc. v. Darby,* 33 Ohio St.3d 32, 36 (1987); *see also Wilborn v. Bank One Corp.,* 2009-Ohio-306, ¶ 8; *Blount v. Smith,* 12 Ohio St.2d 41, 47 (1967). "This freedom 'is as fundamental to our society as the right to speak without restraint.'" *Nottingdale,* at 36, quoting *Blount* at 47.

**{¶14}** Contracts must be construed to give full effect to the parties' intent. *Sunbury Diner, LLC v. Young*, 2023-Ohio-2821, ¶ 31 (5th Dist.), citing *Morrison v. Petro Evaluation Servs., Inc.,* 2005-Ohio-5640, ¶ 29 (5th Dist.). It is a fundamental principle that contracts should "be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Id.* The intent of the parties is presumed to reside in the very language used in the agreement. *Id.* If the terms of the contract are

clear and unambiguous, "courts must give the words their plain and ordinary meaning" and must refrain from creating a new contract by finding the parties intended something other than set forth in the contract. *Alexander v. Buckeye Pipe Line,* 53 Ohio St.2d 241, 246 (1978).

{¶15} A contract that is, by its terms, clear and unambiguous requires no interpretation or construction and will be given the effect called for by the plain language of the contract. *Scott Holding Company, Inc. v. Turbo Restaurants US, LLC*, 2024-Ohio-5240, citing *Brooksedge Homeowners Assn., Inc. v. Stafford*, 2023-Ohio-2660 (5th Dist.); *Telecom Acquisition Corp. I v. Lucic Ents.,* 2012-Ohio-472, ¶ 11 (8th Dist.) (Ohio courts presume the contractual intent of the parties is within the language used in the written instrument and if the intent of the parties is clear from the plain language of the agreement, then there is no need to interpret the contract.). A contract is ambiguous only if its provisions are susceptible of two or more reasonable interpretations. *Turbo*, ¶ 53. Whether a contract's terms are clear or ambiguous is a question of law that is reviewed de novo by an appellate court. *Id.*

### The language regarding damages in Section 8.2(d) is clear and unambiguous

{¶16} As set forth above, Appellants do not appeal the question of liability. The sole issue on appeal is whether the trial court erred in awarding certain damages. The language at issue is set forth in Section 8.2(d). That section is titled "Remedies," and provides: Upon the happening of any one or more of ... defaults, Landlord may at its election and without additional notice to Tenant:

(d) Recover from Tenant as liquidated damages for breach of this Lease the deficiency (if any) between the accelerated amount of Base Rent and all

additional rent to be paid under this Lease and the net amount received by Landlord from reletting the Leased Premises. Such reletting may be for a term or terms which may be less than or exceed the period which would otherwise have constituted the balance of the Term. The amount of Landlord's liquidated damages shall include Landlord's costs and expenses for preparing the Leased premises for reletting, including all repairs, reasonable tenant finish and/or improvements, broker's and attorneys' fees, and any other loss or damage which Landlord may incur for the reletting. Landlord shall not be obligated to relet the Leased Premises and may recover damages hereunder without such consideration.

**{¶17}** The contractual language is clear, unambiguous, and not subject to interpretation. Section 8.2(d) provides for liquidated damages in the form of an "accelerated amount of Base Rent and all additional rent to be paid." That amount is offset by the net amount received from re-leasing the Property if it is re-leased. The final sentence states that CSRA Columbus may recover "damages" under Section 8.2(d) even if it does not re-lease the Property: "Landlord shall not be obligated to relet the Leased Premises *and may recover damages hereunder without such consideration."* This specific language expressly waives the landlord's duty to mitigate its damages.[4] The term "damages" is not defined anywhere else in the Lease except in Section 8.2(d) above, where the term "liquidated damages" is the "deficiency (if any) between the accelerated

---

[4] There is no dispute that CSRA Columbus attempted to re-lease the premises; indeed, Appellants' Brief opines that CSRA Columbus was asking above market price and could not re-lease the property for 21 months. However, such details are irrelevant to whether CSRA Columbus is obligated to mitigate under the Lease in the first instance.

amount of Base Rent and any additional rent to be paid under this Lease and the net amount received by Landlord from reletting the Leased Premises." Here, there simply is no "net amount received by Landlord from reletting the Leased Premises." Nothing in Section 8.2(d) suggests CSRA Columbus' entitlement to liquidated damages is contingent on mitigation as Appellants suggest. Thus, because the language is clear and unambiguous, it must be applied as written unless, as Appellants suggest, it is somehow unenforceable.

### The waiver of mitigation language in conjunction with the acceleration clause is enforceable

{¶18} Appellants' argument requires this Court to determine the enforceability of the waiver of mitigation clause. We start with the premise that in general, a landlord must mitigate damages if a lessee abandons the lease. *Frenchtown Square Partnership v. Lemstone, Inc.,* 2003-Ohio-3648, ¶ 20. In *Frenchtown Square*, the Ohio Supreme Court stated that generally "landlords owe a duty to mitigate their damages caused by a breaching tenant. That rule flows from the premise that modern leases are more than simply property-interest transfers; rather, leases possess contractual qualities that often include myriad covenants and duties and arise from a bargained-for relationship." *Id*. Accordingly, the Court held that a duty to mitigate damages applies to all leases, unless the contract contains *contrary provisions*. *Id.*

{¶19} Thus, the *Frenchtown* Court recognized that parties are free to contract around the duty to mitigate. *Id*. Following that guidance, this Court held that simultaneous enforcement of an acceleration clause and a waiver of the duty to mitigate damages contained in a commercial lease agreement did not create a penalty provision that was void and did not create an impermissible windfall for the lessor. *Turbo*, ¶ 41; see also

*U.S. Bank Nat'l Assn v. Gullotta*, 2008-Ohio-6268 (acceleration clauses are permissible); *Apple Ohio, LLC v. Rose Italian Kitchen Solon, LLC*, 2023-Ohio-2880 (8th Dist.) (recognizing a duty to mitigate damages can be eliminated by a contrary contract provision in the lease).

{¶20} The Appellants in *Turbo* presented some (not all) of the same arguments as Appellants do in the present case.  However, this Court rejected those arguments stating, "[w]hile the Ohio Supreme Court has held that a duty to mitigate damages applies to commercial leases, in its opinion, the Court specifically stated, 'barring contrary contract provisions, a duty to mitigate damages applies to all leases.'" *Turbo*, ¶ 41; *Frenchtown Square*, ¶ 20. The *Turbo* court concluded that in a commercial lease setting, the duty to mitigate may be changed by the negotiations between the parties. *B&G Properties Limited Partnership v. Office Max, Inc.*, 2013-Ohio-5255 (8th Dist.); *Plaza Dev. Co. v. W. Cooper Ents., LLC*, 2014-Ohio-2418 (10th Dist.); *G&E HC Reit II Parkway Med. Ctr., L.L.C. v. Drs. Ford & Soud, Inc.*, 2019-Ohio-791 (8th Dist.).

{¶21} Here, as in *Turbo*, the Lease contains a specific "contrary contract provision" that expressly waives the mitigation requirement. The remedies' language in this case is similar to that in the *Turbo* case, where this Court held that the landlord's duty to mitigate and re-lease the premises was contractually abrogated. *Turbo,* ¶ 42.  Similarly, in *B&G,* the lease's language stated that "in case of re-entry, or of the termination of this lease, * * * Tenant shall remain liable for the Fixed Rent, Additional Rent and other obligations of Tenant herein provided for the balance of said term, whether Premises be relet or not. Landlord shall not be liable for failure to relet the premises, and in the event of reletting, for failure to collect the rent under such reletting." *Id.,* ¶ 24. The court enforced

the waiver language: "[t]he provision in this case sets forth that [tenant] will be liable for rent for the entire duration of the lease irrespective of the reletting of the premises. This is a sufficiently clear statement of the parties' intentions." *Id.*, ¶ 26; *Plaza Dev.*, ¶ 31 ("Ohio courts will give effect to a lease provision whereby a tenant agrees to remain liable for rent owed for the duration of the lease regardless of reletting.").

**{¶22}** Here, in the final analysis, the terms of the Lease are clear and unambiguous. The parties involved are both sophisticated business entities with equal bargaining power, who negotiated and agreed to the terms of the Lease, by way of the Third Amendment, and expressly waived the general duty to mitigate damages. Thus, the waiver of mitigation language and accelerated rent is enforceable and not void as against public policy. F&S remains liable for rent owed under the lease regardless of whether CSRA Columbus mitigated its damages and re-leased the Premises.

**{¶23}** Appellants' reliance on *Castle Holdings VII, L.L.C. v. Midland Food Services II, LLC.,* 2001-Ohio-1421 (5th Dist.) is misplaced. That decision was issued prior to the Ohio Supreme Court's decision in *Frenchtown*, supra, and is not instructive. As set forth by CSRA Columbus, enforcing the acceleration clause does not run the risk of CSRA Columbus receiving a "windfall" in the event CSRA Columbus is able to and does in fact re-lease, the amount of liquidated damages is reduced, but that does not prevent CSRA Columbus from a full recovery under the acceleration clause if, as here, CSRA Columbus does not re-lease. Accordingly, Appellants' sole assignment of error is overruled.

## CONCLUSION

{¶24} Appellants' sole assignment of error is overruled, and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Montgomery, J.

Baldwin, P.J. and

King, J. concur.